[No. 11220. In Bank. — February 10, 1887.]

JAMES W. ROWLAND, Appellant, *v.* MICHAEL
    J. MADDEN et al., Respondents.

Estate of Decedent — Husband and Wife — Community Property —
    Action against Estate of Deceased Wife — Pleadings. — The ac-
    tion was brought by a surviving husband against the executors of the last
    will of his deceased wife, to recover certain money claimed to have been
    community property, and secretly used by the wife as her own separate
    property. The complaint alleged an indebtedness of the estate of the
    decedent, and that a claim for the same had been presented to the de-
    fendants as executors, and by them rejected. *Held*, that the allegation
    of the presentation of the claim was material.
Id. — Replevin of Money — Specific Fund. — *Held further*, that the ac-
    tion could not be treated as in the nature of replevin to recover the
    money as specific community property belonging to the plaintiff, because
    neither the money, nor any specific property or fund to which it could
    be traced, was shown to have come into the possession of the defendants.

Appeal from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The facts are stated in the opinion of the court.

*Moses G. Cobb*, for Appellant.

*A. N. Drown*, and *William H. Fifield*, for Respondents.

McFarland, J. — After full argument on rehearing,
we see no reason to depart from the conclusion hereto-
fore reached in this case. Appellant complains that the
judgment heretofore rendered by this court rests too
largely upon technical grounds. We are disposed to
look through technical difficulties, and mere questions
of pleading and practice, to the real legal merits of a case,
when we can do so without violating well-settled prin-
ciples; but the rule that the proofs must correspond to
the averments is too grave to be totally disregarded.
Appellant's real cause of action, if he has any, lies in the

alleged fact that his wife, now deceased, about thirteen
years before her death, got possession of some sixteen
thousand dollars in money, of community property, and
secretly used it as her own separate property,—appellant
believing all the time that she had paid it out on cer-
tain debts which she represented the community to be
owing, but which had no existence. Now, this action is
brought against the defendants *as executors* of the last
will of the deceased wife. The complaint charges an
indebtedness of the estate, and that a creditor's claim
for the same, duly verified, was presented to defendants
in accordance with sections 1493 and 1494 of the Code
of Civil Procedure, and was by them rejected; and its
prayer is for a money judgment to be paid out of the
estate in due course of administration. Clearly in such
a case there must be proof of the presentation of the
claim to the executors.

But if we were permitted to look further into the case,
we could see nothing to warrant a reversal of the judg-
ment. If we could disregard the pleadings and treat the
action as one in the nature of an action of replevin to re-
cover the money, not as a debt, but as specific community
property belonging to the husband,—in which case de-
fendants should not have been sued as executors,—then
appellant would fail, because the money, or any specific
property or fund to which it can be traced and identi-
fied, is not shown to have come into the possession of
respondents. If the money may be considered as prop-
erty subject to a trust, and it cannot be identified either
in its original or in any substituted form, then, although
appellant might rely upon the personal liability of the
trustee, he has no special claim upon her general estate
superior to that of other creditors. In that view his
position toward the estate is simply that of other con-
tract creditors, and his claim should have been presented
to the executors. (*Lathrop* v. *Bampton*, 31 Cal. 23.)

These views of the case make it unnecessary to notice

other points which are ably presented by counsel for respondents.

Judgment and order affirmed.

SHARPSTEIN, J., McKINSTRY, J., and MORRISON, C. J., concurred.

PATERSON, J., concurred in the judgment.

THORNTON, J., dissented.

The following is the opinion above referred to, rendered in Bank on the 29th of November, 1886.

SHARPSTEIN, J.—The plaintiff sues the defendants as executors of the last will and testament of Jane Rowland, deceased, to recover the sum of thirty-six thousand dollars, which he alleges was justly due to him from said testate at the time of her decease; and he further alleges that on the ninth day of December, 1881, said claim, duly verified by the oath of plaintiff, was duly presented to the defendants as executors of the will of said Jane Rowland, deceased, for allowance.

The defendants in their answer deny that on the ninth day of December, 1881, the claim of plaintiff for said sum, or any claim whatever, was duly presented to these defendants for allowance, or that any proper or legal claim, or any of the matters or things in the plaintiff's complaint alleged, has been at any time duly or otherwise presented to these defendants for allowance. Upon this issue the court finds that the alleged claim of plaintiff was not, nor was any claim verified by the oath of plaintiff, duly or otherwise presented to the defendants as executors, as aforesaid or otherwise, for allowance on the ninth day of December, 1881, or at any other time.

The finding is not against the evidence, and appellant does not attack it on that ground. He contends that the pleadings do not raise any such issue; that the allega-.

tions of the complaint, as to that matter, are wholly immaterial; but if material, they are not sufficiently denied to raise an issue.

As to the materiality of the allegations, we entertain no doubt. The case differs but little, if at all, in principle, from *Lathrop* v. *Bampton*, 31 Cal. 17, in which it was held that the due presentation of the claim, in that case, to the executor was a prerequisite of the right to maintain an action against him.

Treating the allegation as a material one, was it sufficiently denied to raise an issue?

The defendants in their answer "deny that on the ninth day of December, at said city and county, or elsewhere, the claim of the plaintiff for the sum of thirty-six thousand dollars, . . . . or the claim as in plaintiff's complaint set forth, or the claim upon which this action is founded, or any claim whatever, was duly presented to these defendants for allowance, or that any proper or legal claim for any of the matters or things in plaintiff's complaint, has been at any time, duly or otherwise, presented to these defendants for allowance."

It appears by the record that this was treated as a denial sufficient to raise an issue upon the plaintiff's allegation of a presentation of his claim to the defendants. It is doubtless obnoxious to criticism, but under section 475, Code of Civil Procedure, the defect must now be disregarded.

Other questions are discussed by counsel, upon which it is unnecessary to express any opinion at this time.

Judgment and order affirmed.

McKINSTRY, J., MYRICK, J., THORNTON, J., and MORRISON, C. J., concurred.