[L. A. No. 906.   Department One.—July 24, 1901.]

JANE GUERIAN, Appellant, v. THOMAS F. JOYCE, Administrator, etc., of Jane Joyce, Deceased, Respondent.

ESTATE OF DECEASED PERSON — VERIFICATION OF CLAIM. — A claim against the estate of a deceased person, the verification of which states that the sum is justly due the claimant, and that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant, "except some small items, the exact amount of which is not known to affiant, but which she is willing to have credited upon the same when same is shown by administrator herein," is not rendered invalid by reason of the exception contained in the verification.

ID. — PLEADING — ADMISSION OF VERIFICATION AND PRESENTATION — ERRONEOUS NONSUIT — EVIDENCE. — In an action on such claim, in which the answer admits its proper presentation, in writing, verified by the oath of the claimant, and only raises the issue of payment and the bar of the statute of limitations, it is neither necessary nor proper for the rejected claim to be offered in evidence; the court should have limited the evidence to the issues raised, and it erred in granting a nonsuit on the sole ground that the claim, when offered in evidence, was not properly verified.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Waldo M. York, Judge.

The facts are stated in the opinion.

J. L. Murphey, for Appellant.

Louis Gottschalk, for Respondent.

COOPER, C. — When this case was called for trial, the defendant objected to all evidence offered by plaintiff, upon the ground that the complaint does not state facts sufficient to constitute a cause of action.   The court sustained the objection, and, upon defendant's motion, judgment of nonsuit was entered.   This appeal is from the judgment.   The defendant contended, and the court held, that the claim upon which the action was brought was not properly verified.   The verification contains all the statute requires.   It states that the sum is justly due the claimant, and "that no payments have been made thereon which are not credited, and that there are no

offsets to the same, to the knowledge of the claimant or affiant, *except some small items, the exact amount of which is not known to affiant, but which she is willing to have credited upon same when same is shown by administrator herein."* The defendant contends that the exception vitiates the verification; that it shows that there are certain offsets to the amount stated in the claim. We do not think the ends of justice require us to take such an extremely technical view of the verification.

It substantially complies with the statute. It contains all that the statute requires, but, in addition, shows that there are some small items of set-off. As an excuse for not stating the amount, the claimant states that the amount of these items is not known to her, but that she is willing to have the same credited when shown by the administrator. If she knew there were offsets, she could not swear that there were none. If she did not know the amount, she could not state it. She did state that there were offsets, and that she did not know the amount, but that she was willing to credit the account with such offsets. She could not well have done more. It is said that she could have said the amount did not exceed a certain sum. It might have been better for her to have done so, but it may be answered that the administrator could have allowed the account, or offered to allow it after crediting the offsets. He did not do so, but rejected it absolutely. His action was equivalent to saying that it was not a just claim, and that there were offsets to the entire amount. A substantial compliance with the statute is sufficient. (*Estate of Swain,* 67 Cal. 641; *Griffith* v. *Lewin,* 129 Cal. 598, and cases cited.) But, aside from what has been said, we think the defendant waived any technical objection to the verification.

The complaint alleges that the first publication of notice to creditors was made on the eighteenth day of February, 1899. Plaintiff had at least four months after such publication in which to verify and present her claim. The complaint alleges "that on the fifteenth day of April, 1899, at the city of Los Angeles, the claim hereinbefore set forth, verified by the oath of the claimant, and upon which this action is founded, was duly presented, in writing, by the plaintiff to the defendant, as such administrator, for allowance, and that the same was by him, as such administrator, rejected on the eighteenth day of April, 1899."

The defendant demurred to the complaint, upon the sole

ground "that part of the alleged claim is barred by the statute of limitations, in this, that it is alleged that the services were rendered from October, 1895, and judgment is sought for all services rendered for more than two years prior to the presentation of the plaintiff's claim to the administrator, contrary to section 1499 of the Code of Civil Procedure," and "that said complaint does not state facts sufficient to constitute a cause of action against defendant, as to a large part of the claim."

It is thus readily seen that the demurrer went only to the part of the claim for services which had been rendered more than two years. The defendant did not then have in mind that the complaint entirely failed to state a cause of action, or if he did, he carefully concealed it, because the demurrer really admits that the complaint is good as to the part of it that is not barred by the statute. The court properly overruled the demurrer. The complaint was verified. Defendant in his answer admitted that some labor and services were performed by plaintiff, but denies that they were reasonably worth the amount claimed, or any greater sum than thirty dollars per month, and alleges that she has been fully paid.

Defendant also pleads that all of the claim of plaintiff, except that which accrued within two years prior to the presentation thereof, is barred by the statute. There is no attempt to deny the allegation herein quoted as to the due presentation of the claim, and its rejection by the administrator. While the allegation contains conclusions, yet it states enough, in the absence of special demurrer, to show that the claim was properly presented. There was therefore no issue made by the pleadings as to the proper presentation of the claim, in writing, verified by the oath of plaintiff. It was not necessary for plaintiff to offer in evidence the rejected claim. When offered, the defendant made objections to it that he had not raised by demurrer or answer. The court sustained the objection in regard to evidence not material under the pleadings, and granted a nonsuit. It would have saved time; delay, and expense to all parties if the court had compelled them to try the case upon the issues as they had made them. The defendant had pleaded payment and the bar of the statute. The court should have heard the evidence and determined these matters. The estate should have been protected, and no part of the claim allowed which had been paid, or which had become barred. We desire to call the attention of the lower courts and the mem-

bers of the bar to the fact that much time is wasted and expense incurred on questions that seem to be raised for the purpose of avoiding the trial of cases upon their merits. The time would be better spent in trying the cases upon vital issues. After a case is at issue, and either party has been silent as to objections that could have been raised in proper time, and the objection is raised when it is too late to amend or remedy the defect, we will not look with favor upon it. In this case, if the claim was not properly presented, the fact would not have been a bar to the right of plaintiff, unless the time for presenting the claim had expired, but would have been matter in abatement. (*Hentsch* v. *Porter*, 10 Cal. 557.)

In the case of *Chase* v. *Evoy*, 58 Cal. 352, it was urged here that the complaint did not state facts sufficient to constitute a cause of action, because "it fails to show due presentation of the claim to the administratrix" of the estate of the deceased. The allegation as to the verification was that it "was duly verified by the oath of plaintiff, in the form prescribed by law." This court held the objection untenable, and in the opinion said: "We think that the most serious objection that could be raised to the averment is that it is not sufficiently definite and certain, and that defect, if it be one, could not be taken advantage of by general demurrer, and *a fortiori* would not be fatal to a judgment rendered in favor of the plaintiff, in the absence of any demurrer to the complaint, or averment in the answer that the claim was not supported by a proper affidavit."

The case at bar shows a much better allegation as to the verification and presentation of the claim than did the complaint in *Chase* v. *Evoy*, 58 Cal. 352. No question was raised as to the verification by demurrer or answer. The court, in furtherance of the ends of justice, should not have allowed defendant to raise it at the trial.

The judgment should be reversed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.        Van Dyke, J., Garoutte, J., Harrison, J.