SAXTON v. MUSSELMAN, *et al.*

1. A bill of particulars of an account sued on is not a part of the complaint and cannot be made a part of the record on appeal without a bill of exceptions.

2. Under Comp. Laws 1887, § 5795, providing that every claim allowed by the executor or administrator, and approved by the judge, must within 30 days thereafter be filed in the county court, etc., and section 5796, declaring that when a claim is rejected the holder must bring suit within three months after the date of its rejection, claims which have been rejected need not be filed in the county court.

3. In an action against administrators on a claim disallowed by them, a plea of limitations is not bad because failing to state that deceased was a resident of the state for six years prior to his death.

4. Where, in an action against administrators on a rejected claim, plaintiff claimed that the action was to enforce a trust, and hence was not barred by limitations, and defendant claimed that the action was one

for an ordinary debt, and the bill of particulars of plaintiff's claim was not a part of the record, the sufficiency of a plea of limitations could not be determined.

(Opinion filed June 3, 1903.)

Appeal from circuit court, Lawrence county. Hon. Joseph B. Moore, Judge.

Action by Seth P. Saxton against John Musselman and another, as administrators of the estate of Andrew J. Smith, deceased. From an order sustaining a demurrer to defendants' answer, they appeal. Reversed in part.

*William Rice* and *Samuel C. Polle*, for appellants.

*Edwin Van Cise, Granville G. Bennett,* and *John R. Russell,* for respondent.

Corson, J. This is an appeal from an order sustaining plaintiff's demurrer to defendants' answer. The action was brought by the plaintiff to recover from the defendants, as administrators of the estate of Andrew J. Smith, deceased, something over $9,000, including interest, for moneys alleged to have been advanced and paid out by the plaintiff for the said Andrew J. Smith in his lifetime. A copy of the bill of particulars of the account was demanded by the defendants, and the same was furnished, and subsequently an answer was filed in which it was, among other things, admitted that the plaintiff presented his claim to the defendants as administrators of the estate of the said Smith, deceased, and that the same was by them rejected, and the defendants "allege that said claim was not filed in the county court as a claim against said estate." The defendants, further answering said complaint, "allege the fact to be that the cause of action stated in the plaintiff's complaint did not accrue within six years prior to the com-

mencement of this action, and is therefore barred by the statute of limitations, which is hereby pleaded as a defense to the plaintiff's cause of action."

To certain parts of the answer the plaintiff interposed a demurrer, upon the grounds: (1) That that portion of the third paragraph of said answer which is in words as follows, "but allege that said claim was not filed in the county court as a claim against said estate," does not state facts sufficient to constitute any defense whatever to this action; (2) that the fourth paragraph of said answer does not state facts sufficient to constitute a counterclaim or defense to this action.

The respondent moved the court to strike from the record in this court the copy of the account furnished to the defendants on their demand, on the ground that the same is no part of the complaint or record in this case, there being no bill of exceptions.   We are of the opinion that this motion should be granted, as the copy of the account constitutes no part of the complaint or record, hence it is not properly before the court. Fryer v. Breeze, 16 Colo. 323, 26 Pac. 817; Weston v. Luce Co., 102 Mich. 528, 61 N. W. 15: Freas v. Truitt, 2 Colo. 489.

This brings us to the consideration of the demurrer, and, so far as the same refers to the allegation in paragraph 3 of the answer, we are of the opinion that it was properly sustained.   The statute does not require a rejected claim against an estate to be filed in the county court, and hence the allegation that the claim was not filed constitutes no defense to the action.   Section 5795, Comp. Laws 1887, provides: "Every claim allowed by the executor or administrator and approved by the judge or a copy thereof * * * must within thirty days thereafter be filed in the county court and be ranked among

the acknowledged debts of the estate to be paid in due course of administration." And section 5796 provides: "When a claim is rejected either by the executor or administrator or the judge of the county court the holder must bring suit in the proper court * * * within three months after the date of its rejection if it then be due or within two months after it become due, otherwise the claim is forever barred." It will thus be seen that it is only the claims that have been allowed that are to be filed, and not those rejected.

The demurrer to that part of the answer pleading the statute of limitations seems to have been interposed upon two grounds: First, that the answer itself was insufficient in that it failed to state that said Andrew Smith had resided in this state for a period of six years prior to his death; and, second, that as the action was to enforce a trust the statute of limitations did not apply. The contention of the respondent that the answer setting up the statute of limitations is insufficient in form is clearly untenable. This court, in Searls v. Knapp, 5 S. D. 325, 58 N. W. 807, 49 Am. St. Rep. 873, held that an answer pleading the statute of limitations in substantially the form of the present answer was sufficient. This decision has been generally followed, and may be regarded as the settled law of this state,

In the view we take of the case, it would not be proper for this court to pass upon the second question presented. It is true it is contended by the respondent that the action was to enforce a trust, but this is denied by the appellants, who contend that the plaintiff occupies the position of an ordinary creditor seeking to recover for moneys paid out and expended by him for the deceased in his lifetime. The bill of particulars

of the plaintiff's claim being stricken from the record in this court, there are no sufficient facts before the court to enable it to intelligently determine as to how far and to what extent the statute of limitation applies, and it is necessary, therefore, to have before us the facts disclosed upon a trial of the action before we can properly pass upon that question. Under the record as now presented, we must decline to express any opinion as to the character or nature of the plaintiff's claim.

The order of the circuit court sustaining the demurrer to the third paragraph of the answer is affirmed, and that part of the order sustaining the second demurrer is reversed. As the order of the court is affirmed in part and reversed in part, neither party will be allowed costs in this court, but the appellants are required to pay the clerk's fees.