## MURRAY v. JOHNSON.

An objection to evidence, which was specified as error in the motion for new trial of a cause, is properly assigned as error on appeal.

Under Prob. Code, § 178, providing that no holder of any claim against an estate shall maintain an action thereon, unless the claim is first presented to the executor or administrator, no such action may be commenced until rejection of the claim by the administrator, either by operation of the statute or by the written rejection indorsed thereon, and proof of the performance of such condition is essential to such action.

Under Prob. Code, § 175, which does not provide that a rejected claim shall be filed in the court, such a rejected claim is not a record of the probate court so as to entitle it to admission, in an action on the claim, as proof of its presentation and rejection without other support than the testimony of a court clerk that it was a part of the probate records; and it is inadmissible without verification of the signature of the administrator indorsed to a rejection thereon.

(Opinion filed, January 31, 1912.)

Appeal from Circuit Court, Hyde County.  Hon. JOHN F. HUGHES, Judge.

Action by Alfred Murray, administrator, against G. F. Johnson, administrator.  From a judgment for plaintiff, defendant appeals.  Reversed and remanded.

*M. C. Cunningham* and *Gaffy, Stephens & Fuller*, for appellant. *Boucher, O'Brien* and *Johnson & Auldridge,* for respondent.

SMITH, J. Appeal from the circuit court of Hyde county. Barney Murray and Clara A. Johnson were father and daughter. Barney Murray died, and Alfred Murray, plaintiff and respondent in this action, was appointed administrator of his estate. Thereafter Clara A. Johnson died, and Garrett F. Johnson, defendant and appellant, was appointed administrator of her estate. Alfred Murray, as administrator, brought this action in the circuit court of Hyde county against Garrett F. Johnson, as administrator of the estate of Clara A. Johnson, to recover the sum of $2,700, alleged to have been loaned to her by Barney Murray, her father, during his lifetime. The answer is a general denial. Upon the trial, a verdict was rendered for plaintiff in the sum of $1,200, upon which judgment was entered, and from the judgment, and an order overruling a motion for a new trial, defendant appeals.

Upon the trial, one R. V. Rockwell was called as a witness on behalf of plaintiff. A written document, marked "Exhibit L" for identification, purporting to be a claim for the sum of $2,700 against the estate of Clara A. Johnson, was presented to this witness, who testified that he was clerk of courts of Hyde county, and that Exhibit L is a part of the records of the probate court of Hyde county, in the matter of the estate of Clara A. Johnson, deceased. Upon this exhibit was indorsed the following: "The within claim, presented to Garrett F. Johnson, administrator of the estate of said deceased, is rejected this 26th day of July, 1910. Garrett F. Johnson. Filed Aug. 2, 1910."

[1] Defendant objected to the introduction of this exhibit as not the best evidence, and no foundation laid, which objection was overruled, and this ruling, specified as error in the motion for a new trial, is propertly assigned as error upon this appeal.

[2] Respondent in his brief questions the sufficiency of many of appellant's assignments of error, but, in the view we take of this case, we deem it unnecessary to consider these objections. The record and assignment of error are sufficient to present the question of the competency of Exhibit L as evidence. Under the

provisions of the Probate Code, no action can be maintained against an executor or administrator upon a claim against the estate of the decedent until the claim has been first presented to and rejected by the administrator, either by operation of the statute, or by the written rejection of the executor or administrator indorsed thereon. Section 178 of the Probate Code provides: "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator." Exhibit I, could have been competent as evidence for no purpose, other than to prove the presentation to and rejection of the claim by the administrator.

[3] No proof of the signature of the administrator, purporting to be attached to the rejection indorsed on Exhibit L, was offered by plaintiff; he apparently relying upon the evidence of the clerk of court that Exhibit L is "a record of the probate court in the estate of Clara A. Johnson, deceased," as sufficient proof thereof. Section 175 of the Probate Code requires that every claim allowed by the executor or administrator and approved by the judge, or a copy thereof, within 30 days thereafter, shall be filed in the county court. But the statute does not require that a rejected claim shall be filed. It was so held by this court in the case of Saxton v. Musselman, 17 S. D. 35, 95 N. W. 291. It has also been held that the claimant is entitled to possession of the claim presented by him, if the executor or administrator has had a reasonable time in which to examine it, and may maintain an action to recover the same. Willis v. Marks, 29 Or. 493, 45 Pac. 293. It follows that a rejected claim, in contemplation of law, is not and cannot be in law "a record of the probate court." In the case of Davis v. Davis, 24 S. D. 474-482, 124 N. W. 715, 718, this court held it error to receive in evidence, over the objection of appellant, what purported to be a record of the register of deeds, showing to whom a deed was returned. The court says: "We are of the opinion that the court was in error in admitting this record as tending to show to whom the deed was delivered, for the reason that the law does not require any such record to be kept by the register of deeds; and therefore the record was inadmissible as

proof as to whom the deed was delivered." The case at bar falls squarely within the principle announced in that decision. The trial court was therefore in error in overruling appellant's objection to the introduction of Exhibit L in evidence, without proof of the purported signature of the administrator thereon. There must be proof of the presentation of the claim to the executor or administrator of the estate, and its rejection, before a recovery can be had thereon. Rowland v. Madden, 72 Cal. 17, 12 Pac. 226, 870 The California court holds that, where there is no issue raised by the pleadings as to the presentation of the claim, it is neither proper nor necessary for the rejected claim to be offered in evidence. Guerian v. Joyce, 133 Cal. 405, 65 Pac. 972. But in the case at bar the allegations of presentation and rejection of the claim are squarely put in issue by the general denial in the answer. It has been held that there was no proof of the presentation of the claim, where there was no proof of the signature of the executor or administrator to the written rejection indorsed thereon. Bank of Chico v. Spect, 11 Pac. 740. Sec, also, James v. Brunswick, 8 N. M. 345, 45 Pac. 878.

It is clear that there was no competent evidence offered to show either the presentation or rejection of the claim sued upon in this action, and without such proof the action could not be maintained. The trial court, in overruling appellant's objection to the introduction of Exhibit L in evidence, without competent proof of the signature of the administrator, was undoubtedly in error.

The judgment and order of the trial court are reversed, and the cause remanded for further proceedings according to law.