[Civ. No. 947. First Appellate District.—March 8, 1912.]

# E. MARTIN & COMPANY, a Corporation, Respondent, v. MARY BROSNAN, as Administratrix of the Estate of THOMAS BROSNAN, Deceased, Appellant.

ESTATES OF DECEASED PERSONS—ACTION ON REJECTED CLAIM—ADMINIS-TRATRIX AS WITNESS FOR PLAINTIFF—MOTION TO STRIKE OUT PROP-ERLY DENIED.—In an action on a rejected claim against the estate of a deceased person, where the administratrix of the estate was called as a witness for the plaintiff, was examined and cross-exam-ined, without objection to her testimony as a whole, the defendant cannot be heard to complain, after the witness has left the stand, that her evidence was objectionable as a whole, and a motion then made to strike out all of her evidence, not based upon any valid objection previously stated, was properly denied.

ID.—CROSS-EXAMINATION OF PLAINTIFF'S WITNESS—QUESTION CALLING FOR INCOMPETENT HEARSAY—EXCLUSION BY COURT OF ITS OWN MOTION.—While, ordinarily, it is the better and safer practice for the trial court to defer action upon the admission or rejection of evidence until a proper objection is made by the party interested in having the evidence excluded, yet, where the defendant, on cross-examination of a witness for the plaintiff, asked a question clearly calling for incompetent hearsay, the trial court is not compelled to hear and determine the cause, either in whole or in part, upon im-proper evidence, and, in the exercise of its undoubted right to con-trol the conduct of the trial, it may of its own motion rightfully refuse to receive such clearly incompetent evidence.

ID.—ADMISSION OF CLAIM AS EVIDENCE—SHOWING AGAINST BAR OF STATUTE NOT REQUIRED—WAIVER OF FORMAL DEFECTS.—The claim sued upon against the estate was properly admitted in evidence over the objection of the defendant. It was not necessary that such claim should show on its face that it is not barred by the statute of limitations; and in so far as the objection was directed to the formal sufficiency of the claim, its general rejection in the first instance, without special reason assigned, must be deemed a waiver of any formal defects therein.

ID.—ADMISSION IN ANSWER OF PRESENTATION AND REJECTION OF CLAIM —PROOF IN SUPPORT OF ACTION.—Where the answer affirmatively admitted the presentation and rejection of the claim, no evidence thereof is required, but it is sufficient for the plaintiff to show that the action thereon is founded upon the same claim which was pre-sented to the defendant for allowance.

ID.—PROMISE OF ADMINISTRATRIX TO PAY DEBT OF DECEASED HUSBAND TO PLAINTIFF—CREDITS ON ACCOUNT—NOVATION NOT ESTABLISHED—

INTENT.—A promise by the administratrix of the estate of her deceased husband, to pay the indebtedness of her husband to the plaintiff, and the making of some payments to the plaintiff, which were credited on the indebtedness of the deceased husband to the plaintiff, does not establish a novation, or release the liability of the estate to pay the unpaid residue of the plaintiff's claim. The intent to release the original debtor from the whole of the claim is essential to a novation, and if that intent be lacking, novation cannot be justly claimed.

ID.—INADVERTENT REMARK OF COURT IN DENYING NONSUIT—ABSENCE OF "NOVATION"—QUESTION OF FACT—PROVINCE OF JURY—CORRECTION—PRESUMPTION.—Where the court, in denying a motion of defendant to nonsuit the plaintiff, inadvertently referred to a certain feature of the case, "which would indicate that there was no novation," and upon defendant's objection that the "province of the jury was invaded," the court promptly withdrew the remark, and instructed the jury immediately not to consider any remarks made by the court in passing upon the motion for a nonsuit, it is to be presumed that the jury heeded the caution, and the remark cannot be assigned upon appeal as prejudicial error.

ID.—EVIDENCE FOR PLAINTIFF SUFFICIENT TO SUPPORT VERDICT—ABSENCE OF COUNTER-EVIDENCE—NONSUIT PROPERLY DENIED.—It is held that the evidence for the plaintiff is amply sufficient to support the verdict, and that, as there was no counter-evidence for the defendant, a motion for a nonsuit of the plaintiff was properly denied.

ID.—ABSENCE OF PREJUDICIAL ERROR IN INSTRUCTIONS.—It is held that there was no prejudicial error of the court in giving or refusing instructions requested; and that in so far as the requested instructions were correct, they were in substance incorporated into and made part of the charge of the court, which was all that the defendant was entitled to.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

F. J. Castelhun, for Appellant.

Rothchild, Golden & Rothchild, for Respondent.

LENNON, P. J.—This action was brought to recover the sum of $908 upon a claim against the estate of Thomas Brosnan, deceased, for merchandise sold to him during his lifetime

by plaintiff. The trial was had with a jury, and resulted in a verdict and judgment for the plaintiff in the sum of $618. From the judgment and an order denying a new trial an appeal has been taken upon the judgment-roll and a bill of exceptions.

It was not error for the trial court to refuse to strike out all of the testimony of the defendant, Mary Brosnan, who was called as a witness for the plaintiff. The motion to strike out was not made until the witness had concluded her testimony and left the witness-stand. Ample opportunity was afforded counsel for the defendant, during the course of an extended direct and cross-examination of this witness, to object to her testimony had he so desired, but he failed to avail himself of the opportunity. He will not now be heard to complain that the testimony of the witness was objectionable; and as a motion to strike out evidence must be based upon a valid objection previously stated, the motion in the present case was properly denied. (*People* v. *Long,* 43 Cal. 444; *People* v. *Rolfe,* 61 Cal. 542; *People* v. *Samario,* 84 Cal. 484, [24 Pac. 283]; *In re Wax,* 106 Cal. 347, [39 Pac. 624].)

The trial court of its own motion refused to permit a witness for the plaintiff to reply to a question upon cross-examination which plainly called for hearsay testimony. The point is now made that in the absence of an objection from plaintiff's counsel it was error to exclude the answer. Ordinarily, it is the better and safer practice for the trial court to defer action upon the admission or rejection of evidence until a proper objection is made by the party interested in having the evidence excluded; but the trial court nevertheless is not compelled to hear and determine a cause, either in whole or in part, upon improper evidence; and in the exercise of its undoubted right to control and regulate the conduct of the trial, it may of its own motion rightfully refuse to receive evidence which is palpably incompetent. (*Parker* v. *Smith,* 4 Cal. 105; *People* v. *Wallace,* 89 Cal. 158, [26 Pac. 650]; *Davey* v. *Southern Pac. Co.,* 116 Cal. 325, [48 Pac. 117].)

There was no error in admitting in evidence, over the objection of the defendant, the plaintiff's claim against the estate of the decedent. It was not necessary that the claim should show upon its face that it was not barred by the statute of limitations; and in so far as the objection was directed to the formal sufficiency of the claim it will suffice to say that, inas-

much as the claim in the first instance was rejected generally and not for any special reason, its formal defects, if any, must be deemed to have been waived. (*Wise* v. *Hogan,* 77 Cal. 184, [19 Pac. 278]; *Aiken* v. *Coolidge,* 12 Or. 244, [6 Pac. 713].)

Moreover, as the presentation and rejection of the claim were affirmatively admitted by the defendant's answer, evidence thereof was not required; and it was sufficient for the plaintiff to show that the action was founded upon the same claim which was presented to the defendant for allowance. (*McGowan* v. *McDonald,* 111 Cal. 57, [52 Am. St. Rep. 149, 43 Pac. 418]; 1 Ross' Probate Law, 534.)

It is the contention of the defendant that the verdict of the jury is not only not justified by the evidence, but that it is contrary thereto. This contention is based upon the claim that the evidence shows that the defendant, pursuant to an agreement with the plaintiff, assumed the indebtedness of her husband, and that she thereafter made payments to the plaintiff which were applied on said indebtedness. From this it is argued that the defendant was substituted in the place and stead of the original debtor with the intent of releasing the latter, and that thereby a contract of novation was created.

Assuming that the evidence shows all that the defendant claims in this behalf, still it does not follow as a matter of law that the acts and agreements of the parties amounted to a novation as defined by subdivision 2 of section 1531 of the Civil Code. It may be conceded that the evidence does show that the defendant promised to pay the debt of her deceased husband, and that certain payments which she made were applied by plaintiff to that indebtedness; but it must also be conceded that the evidence fails to show that the plaintiff, in consideration thereof, agreed or intended to release the estate of the decedent. The intent of the creditor to release the obligation of the original debtor is necessary to the creation of a contract of novation; and if it be lacking, as it apparently was in the present case, novation cannot be justly claimed. (Civ. Code, sec. 1531, subd. 2; *Pimental* v. *Marques,* 109 Cal. 406, [42 Pac. 159]; *Dellapiazza* v. *Foley,* 112 Cal. 380, [44 Pac. 727]; *Carpy* v. *Dowdell,* 131 Cal. 495, [63 Pac. 778].)

In our opinion the evidence sufficiently supports the verdict, and this conclusion necessarily disposes of the defendant's further contention that the trial court erred in denying her motion for nonsuit. Obviously, if the evidence was sufficient

to warrant the verdict for the plaintiff it would have been error to grant a nonsuit.

Upon the motion for a nonsuit being denied the defendant rested, and the case went to the jury solely upon the testimony offered and received upon the behalf of the plaintiff. Immediately following the denial of the defendant's motion for a nonsuit the trial court expressly stated to the jury that the ruling on that motion was not to be considered as an expression of opinion by the court as to the facts of the case. In addition, however, and no doubt inadvertently, the trial court did say during the course of its remarks to the jury that a certain feature of the case "would indicate that there was no novation." Clearly this was expressing the opinion of the court as to the effect of the evidence; and if it had been permitted to stand without correction there would have been no escape from the conclusion that it was tantamount to an instruction upon a question of fact. Counsel for the defendant, however, obviated this error by calling attention to the fact that the province of the jury had been invaded; whereupon the court promptly withdrew this statement, and clearly cautioned the jury not to be influenced in their deliberations by anything that the court might have said with reference to the denial of the motion for nonsuit.

Presumably the jury heeded the caution, and consequently the incident cannot now be successfully assigned as prejudicial error.

It is claimed, however, that the trial court repeated the error of charging upon matters of fact in a subsequent instruction. That instruction in effect told the jury that if they found for the plaintiff the verdict might be for the sum sued for or any less sum justified by the evidence; and while the language employed was ambiguous and barely expressed the idea which the court endeavored to convey to the jury, nevertheless a liberal interpretation of the instruction does not compel the conclusion that the trial court expressed its opinion unequivocally or at all as to the weight and effect of the evidence.

It was not disputed that the deceased at the time of his death was justly indebted to the plaintiff, and it was not claimed that the indebtedness had ever been fully paid. Under the defendant's theory of the case, novation and the application of payments were apparently the chief matters in

18 Cal. App.—31

dispute, and the court was requested to charge the jury upon the law relating to these subjects. The refusal of the court, however, to charge the jury in the exact language of the requested instructions was without prejudice to the defendant. While the court in its charge did not elaborate certain points of the case as fully as the defendant desired, still as a whole it fairly covered every phase of the case embodied in the requested instructions, and conformed generally to the theory upon which the defendant based her defense to the action. In so far as the requested instructions were correct in their statement of the law of the case they were in substance incorporated in and made a part of the charge of the court, and that was all that the defendant was entitled to.

The remaining points presented in support of the appeal do not merit discussion, and it will suffice to say that we are satisfied from a perusal of the entire record that the trial of the cause was free from prejudicial error, and resulted in a judgment supported by the evidence which does substantial justice to the parties.

The judgment and order appealed from are affirmed.

Hall, J., and Kerrigan, J., concurred.