[Civ. No. 450. Fourth Appellate District.—October 15, 1931.]

A. W. MESSNER, Trustee in Bankruptcy, etc., Respondent, v. MASON'S DAIRY et al., Defendants; M. W. MASON, Appellant.

Dean Sherry and B. A. Mason for Appellant.

J. C. Hizar for Respondent.

JENNINGS, J.—Defendant M. W. Mason appeals from a judgment rendered against him.

Prior to December 1, 1928, appellant was a member of a partnership known as Mason's Dairy, the other member of which was appellant's brother, C. H. Mason. On the aforesaid date the partnership was indebted to the Spreckels Commercial Company, a corporation, of which respondent is the trustee in bankruptcy, in the sum of $3,146.27 for supplies theretofore furnished to said partnership. On or about December 5, 1928, C. H. Mason went to the credit manager of the corporation and stated to him that he had purchased the interest of appellant in the said partnership and that he would thereafter conduct the business of the said partnership alone and that he desired to make a settlement of the prior indebtedness of the partnership to the corporation. He then proposed that on the following day he would draw

a check in the sum of $1500 in favor of the corporation and would execute a promissory note to the corporation for the balance of the account. On December 6, 1928, C. H. Mason drew his check in favor of the corporation for the sum of $1500 and on the same day executed a promissory note to the corporation for the sum of $1646.27. The evidence shows that the check for $1500 was not paid but was returned to the payee with a notation that the drawer of the check did not have sufficient funds on deposit with the bank on which the check was drawn to pay the check. It also appears that shortly thereafter a new check for $1200 was given to the corporation by C. H. Mason in lieu of the check for $1500 which had been returned unpaid and that the smaller check was paid on presentation. The promissory note executed by C. H. Mason as aforesaid was never paid. At the conclusion of the trial herein, the court found that appellant and his former copartner were liable for the entire amount of the indebtedness due from the partnership to the corporation on December 5, 1928, and rendered judgment accordingly.

Appellant complains of the court's finding that the prior indebtedness of the partnership was not fully discharged by the execution and delivery to the corporation of the promissory note of the remaining partner as hereinbefore described. It is contended that the finding to this effect is entirely lacking in evidentiary support and that on the contrary, the evidence conclusively indicates that the check and promissory note were given to and accepted by the corporation in full settlement of the pre-existing debt of the partnership to the corporation. It may be conceded that such is the effect of the evidence produced by appellant. But the credit manager of the corporation testified that at the time the check and note were given nothing was said about releasing appellant from liability for the pre-existing indebtedness of the partnership and that it was a matter of mutual accommodation both to C. H. Mason in allowing him further time to pay off the indebtedness of the partnership to the corporation, and to the corporation in that the giving of the note reduced the balance appearing on the books of the corporation as due from the partnership and enabled the corporation to balance its ledger accounts at a time near the end of the year. It is true that this witness also testified that the check and note were given to ''clean up'' the pre-

existing indebtedness of the partnership but it is also true that the witness did not testify that the check and note were received by the corporation with the understanding and under the agreement that they should operate as full payment of the partnership indebtedness and discharge the retiring partner from any further liability. The decisions are clear that the note of a debtor given in payment of a pre-existing indebtedness, if not itself paid, does not constitute payment unless received by the creditor under an express agreement to accept it as an absolute payment and that the presumption is not in favor of its being received as payment. (*Dellapiazza* v. *Foley*, 112 Cal. 380 [44 Pac. 727] ; *Savings Bank* v. *Central Market Co.*, 122 Cal. 28 [54 Pac. 273] ; *Bonestell* v. *Bowie*, 128 Cal. 511 [61 Pac. 78] ; *Menzel* v. *Primm*, 6 Cal. App. 204 [91 Pac. 754] ; *Martin & Co.* v. *Brosnan*, 18 Cal. App. 477 [123 Pac. 550].) Even if it be conceded that there is no conflict in the evidence, it is obvious that the state of the evidence is such that the trial court may have drawn the inference therefrom that the check and note were not received by the corporation in full discharge of the partnership indebtedness. Such an inference was reasonable and the court's finding thereon is conclusive on appeal. (*Aronson & Co.* v. *Pearson*, 199 Cal. 295 [249 Pac. 191].)

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 4, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 10, 1931.