[Civ. No. 613. Fourth Appellate District.—December 5, 1932.]

H. H. ARMBRUST, Respondent, v. NICHOLAS SOUTH, Appellant.

Harold J. Cashin for Appellant.

Forgy, Reinhaus & Forgy for Respondent.

BARNARD, P. J.—This is an action to recover for goods sold by the plaintiff to the defendants upon an open book account. The defendants had been copartners, and on May 1, 1930, the partnership was indebted to the plaintiff in the sum of approximately $4,000. On that day the defendant Franzen executed and delivered to the plaintiff two promissory notes totaling the sum of $2,500. On June 7, 1930, the defendant South paid to the plaintiff the sum of $950. The two notes not having been paid and no other payments having been made, this action followed. The defendant Franzen defaulted and the defendant South defended the action on the ground that the notes referred to had been given and accepted upon the agreement of the parties that they should be taken as the personal obligation of Franzen, and that the partnership would be to that extent released. The trial resulted in a judgment in favor of the plaintiff against both defendants, from which judgment the defendant South has appealed.

Appellant's principal contention, and the only one that need be considered, is that a finding to the effect that the notes were not accepted by the respondent as a payment of that proportion of the indebtedness and that the respondent did not agree to look to Franzen alone for payment of that amount, is not sustained by the evidence.

While the appellant relies upon certain portions of the evidence and on inferences that might be drawn therefrom, the record contains other evidence which supports the finding complained of. It is conceded that any agreement in reference to the taking of these notes was consummated between the respondent and Franzen at a time when no one else was present. In reference to what was done at that time the respondent testified that Franzen came to him on that day and said they were about to settle the affairs of

the partnership and discontinue business, and it would be a great convenience to him if the respondent would accept his notes for the amount owed by the partnership; that he told Franzen it was impossible for him to do this for the reason that he had notes due at the bank and must get some money with which to pay them; that they finally came to an agreement that he would accept $2,500 in notes from Franzen with the stipulation that the balance should be paid in cash immediately; and that this was agreed to by Franzen. In other portions of his testimony, in reference to the time within which the balance of the account should be paid in cash, he testified that it was to be paid "within a reasonable length of time, the next week or so"; that he told Franzen he would take his notes if the balance was paid in cash "within a week"; and that he told him something like "within a week".

The respondent's version of the agreement is corroborated by a part of the testimony of Franzen, the other party thereto. On direct examination Franzen testified that the notes represented the firm's obligation and "I *practically* took that". When asked whether anything was said about the respondent's looking personally to him for the payment of the $2,500, he replied: "Yes, *naturally*, that's the reason I signed the notes." (Italics ours.) However, on cross-examination, he testified as follows: "Q. Now, Mr. Franzen, isn't it a fact that when you talked to Mr. Armbrust relative to taking notes, that this was the conversation, 'That you said that you and Mr. South wanted him to take twenty-five hundred dollars from you, and if he would do that, the balance of his account would immediately be paid in cash'? A. Yes, I believe it was. Q. And it was said at that time, Mr. Armbrust told you at that time that he had to have the balance in cash because he had notes coming due; isn't that correct? A. Yes, he told me that. . . . Q. Well, Mr. Armbrust said he would only take the notes if the rest of that was paid, didn't he? That was what he said, isn't that correct? A. Yes, he made the statement that he wanted to get all of it before then."

This last answer may be reasonably interpreted as an admission that the respondent had stated that he would accept the notes only in the event the balance of the debt

was paid. Franzen further testified: "Q. And you said he would get all of it if he took the notes? A. Yes, sir; under the stipulation that I just made."

This last answer evidently referred to a statement the witness had made shortly before, to the effect that the respondent had asked him how soon the balance of the debt could be paid and that he replied: "I told him we had some obligations which we were trying to collect in, and just as soon as we got it we would pay that part of it over."

■ It is well settled that such notes as those involved here are not to be considered as payment of a pre-existing indebtedness unless received by the creditor under an express agreement that they shall be accepted as an absolute payment, and that the presumption is not in favor of such full payment. (*Messner* v. *Mason's Dairy*, 117 Cal. App. 486 [4 Pac. (2d) 207], and cases there cited.) While this record contains some evidence that would have supported a contrary finding, including a portion of the testimony of Franzen, the evidence to which we have referred justifies the inference that there was no absolute agreement to accept the notes in payment of that portion of the debt, but that, at most, any agreement in that regard was conditional and dependent upon conditions which were never fulfilled. It follows that the finding attacked has some support in the evidence and is therefore conclusive here.

■ Some claim is made by the appellant that the respondent waived his requirement of an immediate payment of the balance of the indebtedness by accepting the $950 paid by the appellant on June 7, 1930. It is conceded that, irrespective of any agreement in connection with the $2,500 notes, both partners remained liable for the remaining $1500 of the debt. Under such circumstances, the receipt of a part thereof from one of the debtors could not be considered as a waiver of the conditions of the other agreement, or an admission that such an agreement was still in effect.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 2, 1933.