427 P.2d 538

**Wellington G. BETZ and Lida L. Betz, husband and wife, Appellants,**

v.

**Paul W. GOFF, Appellee.**

**No. 2 CA–CIV 285.**

Court of Appeals of Arizona.

May 17, 1967.

Rehearing Denied June 16, 1967.

Review Denied Sept. 21, 1967.

Houston & Brown, by Ray C. Brown, Tucson, for appellants.

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellee.

KRUCKER, Judge.

This is an appeal from a judgment of the Superior Court of Pima County, Arizona, which awarded the appellee, hereinafter referred to as plaintiff, $3,465.00, plus interest in the amount of $1,039.50, against the appellants, whom we will call defendants.

The plaintiff, Paul W. Goff, a licensed real estate broker, brought an action in the Superior Court to recover a commission

which he claimed was due him on a sale of property. The defendants answered that no commission was owing because the terms of the sale which Mr. Goff had procured were not to their satisfaction. The case was tried to a jury, and a verdict was rendered in the full amount of the plaintiff's claim, and the court gave judgment thereon, including interest from January 31, 1961, the date the claim accrued.

The defendants urge that they should have been granted a new trial because the trial judge admitted prejudicial improper evidence and argument concerning their affluence. We are cited three instances from the trial transcript in which the plaintiff's attorney asked questions which tended to show that the defendants realized a large profit from the sale of the land in question.

The trial court twice permitted the plaintiff's attorney to ask questions of the defendants as to the amount they had paid for the property in question. Over objection, the defendants were required to answer. The court did, however, sustain objections to questions relating to how much the property eventually brought.

Also, there was reference in closing argument, to the defendants' having bought the property "for a song".

No objection was taken to plaintiff's closing argument, the defense attorney stating in closing: "* * * I could object to some of his statements, but I know you will use sound discretion in arriving at this decision." Instead of objecting to the court, the defendants' attorney attempted to counter the plaintiff's argument: "* * * the plaintiff indicates the Betzes bought the property for a song. The implication is they want a small part of this magnificent song."

As stated above, the defendants did not object to the plaintiff's closing argument. No motion for mistrial was made, and no request was made for an instruction to disregard references to the defendants' affluence. The court did give stock instructions to the effect that arguments of counsel are not evidence, and that the jury may not consider questions to which objections were sustained or any evidence stricken. No admonition was given by the court to disregard the questions complained of at the time the plaintiff's attorney asked them, neither did defense counsel request any such admonition.

There is no doubt that the jury, during all of this colloquy, were given the impression that the defendants did realize a handsome profit, but the question remains— were the references so prejudicial as to require reversal? The defendants argue that there was no satisfactory evidence which would explain the jury's verdict, and thus, "the controlling factor for the jury must have been the phenomenal profit allegedly made by the Betzes. * * *"

The evidence was contradictory. The plaintiff produced testimony which tended to show that the agreement had been satisfactory, and that the defendants had merely changed their minds. If this testimony had been believed by the jury, they could have reached their verdict without any reference to the defendants' wealth. Because the sum asked in the complaint was fixed, the profit made on this land by the defendants was irrelevant except, as plaintiff's attorney argued on appeal, to demonstrate that the defendants (who were shown by their attorney to be elderly and not highly educated) were not the victims of the big-town real estate operator. Probably this purpose could have been satisfactorily accomplished by confining questions to "number and types of transactions" as the court finally decided.

■■ The trial judge is allowed considerable discretion as to the conduct of the trial, and he is best able to weigh the prejudicial effect upon the jury of counsel's misconduct. Tanner v. Pacioni, 3 Ariz.App. 297, 413 P.2d 863 (1966). The court did not think there was sufficient prejudice to justify the granting of a new trial. We are compelled to agree. If the defendants had felt sufficiently prejudiced by their opponent's tactics, it would have been better policy to request a mistrial, to raise objec-

**406**

tions to final argument, and to request remedial instructions. Failure to do these things is a factor which we deem relevant to this decision. See Annotation, 32 A.L.R.2d 9 (1953). Failure to take such remedial actions tends to show a willingness on the part of a party to take his chances with the jury and then appeal an adverse verdict.

■ The only evidence which was admitted over objection was the amount the defendants originally paid for the property. While it was probably error to admit this testimony, we do not think that its effect, coupled with the improper questions and argument, created such a likelihood of prejudice that the jury would have been unable to disregard these statements in the face of the court's rulings and instructions.

■ ■ Secondly, the defendants urge that interest should have been awarded only from the date of judgment, and not from the date the debt fell due. They would have us read A.R.S. § 44–1201, subsec. B, as allowing interest only when agreed to in writing by the debtor. This contention is clearly wrong. A.R.S. § 44–1201, subsec. A permits a rate of 6% per year for "any legal indebtedness". The amount of interest awarded, $1,039.50, as provided in the judgment, is a correct computation of 6% interest on $3,465.00 from January 31, 1961 (the date the claim accrued) to date of judgment, February 15, 1966. Such indebtedness includes liquidated claims, which are capable of ascertainment by reference to agreement or simple computation. Feighner v. Clarke, 2 Ariz.App. 286, 408 P.2d 219 (1965). The jury had no computation to make; they decided merely that on the facts the plaintiff was entitled to the amount he claimed in his prayer as fixed by agreement of the parties.

Judgment affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 8277. The matter was referred to this court pursuant to A.R.S. Section 12–120.23.