446 P.2d 246

Douglas H. STANDAGE, Administrator with the Will Annexed of the Estate of Nick. J. Nisick, Deceased, Appellant,

v.

A. J. TARPEY and Domitila Tarpey, husband and wife, Appellees.

No. I CA–CIV 591.

Court of Appeals of Arizona.

Oct. 24, 1968.

Review Denied Jan. 7, 1969.

---

Standage & Allen, by Gove L. Allen, Mesa, for appellant.

Rhodes, Killian & Legg, by John G. Hough, Mesa, for appellees.

KRUCKER, Judge.

The appellees, plaintiffs below, recovered a judgment entered on a jury verdict in the amount of $16,900, against the defendant, Administrator C.T.A. of the Estate of Nick J. Nisick, deceased. Defendant's motion for a new trial on the issue of damages was denied and this appeal followed.

The plaintiffs' claim against the estate was predicated upon the decedent's promise to devise certain real property to them in exchange for his living with them and being cared for by them until his death. Their amended complaint alleged, in general terms, presentation of a creditor's claim to the defendant and rejection of same. The relief sought was specific performance of the contract to leave property by will or, in the alternative, the reasonable value of the services rendered by the plaintiffs and expenditures made by them for the benefit of the decedent and the real property in question in the sum of $11,500.

The defendant's amended answer admitted certain allegations of the complaint, including those pertaining to the presentation and rejection of the plaintiffs' claim and the filing of the lawsuit within three months after rejection. Certain affirmative defenses were pleaded, including the Statute of Frauds. The defendant also counterclaimed for rent of the subject real property for the period of time that the plaintiffs resided there, both prior and subsequent to the decedent's death. The pre-trial order recites:

"The action involves a claim by the plaintiffs for the residence of the deceased based upon an alleged promise by the deceased to leave the residence to the plaintiffs by will upon his death in return for the plaintiffs taking care of the deceased. The defendant administrator denies the claim of the plaintiffs and further asserts the Statute of Frauds and asserts that the true agreement between the parties was that the plaintiffs were given free rent in exchange for the services to the deceased. The plain-

tiffs, as an alternative claim, seek recovery of some $11,500.00 as a reasonable value of their services and expenditures for the benefit of the deceased. The defendant resists the claim on the same basis as stated above and further the Estate counterclaims for the reasonable rent on the premises."

The issue of specific performance was decided in defendant's favor on a motion for directed verdict and was withdrawn from the jury's consideration. At the close of the trial, the trial court permitted the plaintiffs to amend to $21,000 the amount sought in *quantum meruit*. The jury returned a verdict in favor of the plaintiffs and against the defendant in the sum of $16,900 and found for the plaintiffs and against the defendant on the counterclaim.

The defendant-administrator seeks reversal of the judgment on several grounds: (1) "jurisdictional" defects, (2) allowance of the amendment after expiration of the time for presentation of creditor's claims, (3) the building effect of plaintiffs' verified pleading as to the reasonable value of the services rendered and money expended, i. e., $11,500, (4) exclusion of testimony, and (5) improper argument to the jury and refusal to give certain instructions. Apart from the asserted jurisdictional defects, presented for the first time in this court, the defendant's entire attack on the judgment is directed to the *amount* of the award. No question is presented as to the sufficiency of the evidence to support the finding in favor of the plaintiffs as to the estate's liability.

■ We agree with the defendant that in order to state a cause of action, a complaint must allege performance of the conditions precedent to suit, i. e., presentment and rejection of the creditor's claim. Kennedy v. Bank of America, 237 Cal.App. 2d 637, 47 Cal.Rptr. 154 (1965); Lo Sasso v. Braun, 386 P.2d 630 (Wyo.1963).

■ Here, the complaint did allege presentment and rejection of the claim but no proof in support thereof was submitted nor

was the creditor's claim admitted into evidence. The responsive pleading, however, admitted these allegations. Under such circumstances, it was neither necessary to prove these allegations, E. Martin & Co. v. Brosnan, 18 Cal.App. 477, 123 P. 550 (1912), nor to offer the rejected claim in evidence. Guerian v. Joyce, 133 Cal. 405, 65 P. 972 (1901).

 Issues are confined to those raised by the pleadings, 34 C.J.S. Executors and Administrators § 781, and the defendant's admission in his answer was conclusive of the fact of presentment and rejection of the plaintiffs' claim. See, Schwartz v. Schwerin, 85 Ariz. 242, 336 P.2d 144 (1959). We find, therefore, no merit in the defendant's belated attack on the judgment because of plaintiffs' "failure to plead and prove compliance with the non-claim statutes."

At the close of the trial, the defendant read into evidence a paragraph from plaintiffs' amended complaint which recited in substance that the reasonable value for the services rendered and expenditures made for the decedent was the sum of $11,500. The plaintiffs moved the trial court for leave to amend the amount prayed for to $21,000. The motion was granted, over defendant's objection, whereupon he moved for a continuance which was denied. Review of the propriety of these rulings is obviated by plaintiffs' concession on appeal:

> "Therefore, even though the actual services rendered and moneys expended exceeded the amount claimed in the claim and the Complaint, Appellees will waive that recovery in excess of Eleven Thousand Five Hundred ($11,500.00) Dollars and thereby relieve the court of the duty of making the decision as to whether the amendment to a figure larger than the Eleven Thousand, Five Hundred ($11,500.00) Dollars was proper * *."

The defendant contends that the trial court erred in not permitting his witness to give her opinion as to the reasonable value of the services performed by Mrs. Tarpey for the decedent. Mrs. Dorsett, the witness, operated a guest home in Mesa, Arizona, in which city the decedent had lived with the plaintiffs during the period for which the plaintiffs were claiming compensation. Plaintiffs' counsel objected to the rendition of the witness's opinion on the grounds that the hypothetical question did not contain all the facts presented and that the witness's background did not sufficiently qualify her to render an opinion. The trial court sustained the objection on both grounds, but permitted defense counsel to lay further foundation.

Counsel proceeded to do so and then stated to the court:

> "Well, we have gone and laid further foundation, and we believe that it is sufficient to qualify her in the Mesa area concerning the rendition of these types of services."

The trial judge disagreed:

> "Even she told you that she didn't feel qualified to do that. She said she is familiar to a degree. Then she told us further on there that she minds her own business, doesn't go into other people's business."

 The competency of a witness to testify on a given subject is a question for the trial court's determination, subject to review only for abuse of discretion, Carrel v. Lux, 101 Ariz. 430, 420 P.2d 564 (1966); Hinson v. Phoenix Pie Company, 3 Ariz. App. 523, 416 P.2d 202 (1966); Harris v. Campbell, 2 Ariz.App. 351, 409 P.2d 67 (1965). As the trial court indicated, the witness expressed doubts as to her familiarity with the customary charges for services of the type performed by Mrs. Tarpey. No abuse of discretion having been demonstrated to us, we must uphold the trial court's ruling.

The defendant's final argument is that the jury's verdict was the result of passion and prejudice because of improper argument of plaintiffs' counsel and the refusal to give two instructions requested by the defendant. In his motion for a new trial, defendant contended that the whole closing

**346**

argument of plaintiffs' counsel was directed to the point that unless an award was given to the plaintiffs, the decedent's sister would get the house which the decedent had promised to devise to the plaintiffs. We believe our statement in Betz v. Goff, 5 Ariz.App. 404, 427 P.2d 538 (1967), disposes of the defendant's contention as to counsel's argument:

"The trial judge is allowed considerable discretion as to the conduct of the trial, and he is best able to weigh the prejudicial effect upon the jury of counsel's misconduct. [Citation omitted] The court did not think there was sufficient prejudice to justify the granting of a new trial. We are compelled to agree. If the defendants had felt sufficiently prejudiced by their opponent's tactics, it would have been better policy to request a mistrial, to raise objections to final argument, and to request remedial instructions. * * * Failure to take such remedial actions tends to show a willingness on the part of a party to take his chances with the jury and then appeal an adverse verdict." 5 Ariz.App., at 405–406, 427 P.2d at 539.

■ Assumimng, as contended by the defendant, that counsel's argument exceeded legitimate limits, it could have been cured by proper admonition or instruction. Therefore, the defendant's failure to make timely objection is a waiver of any error. Schmerfeld v. Hendry, 74 Ariz. 159, 245 P.2d 420 (1952).

■ The trial court's refusal to give the following instructions requested by the defendant is assigned as error:

"DEFENDANT'S REQUESTED INSTRUCTION NO. 26

'You are instructed that it is the law that if a statement is made in the presence and hearing of a person in regards to facts adversely affecting his rights and such persons make no reply to the statement, then you may consider this an admission by silence. The admissions of a party, when proved, may be evidence against him and is to be considered by

you together with all the other evidence of the case.' "

and:

"DEFENDANT'S REQUESTED INSTRUCTION NO. 27

'You are instructed in determining the question of whether or not there is an implied agreement between Nick Nisick and the plaintiff to pay the plaintiffs the reasonable value of services and expenditures that the following presumptions apply:

(a) Where a person serves in the capacity of a servant or renders domestic service or nursing or other services regularly compensated for at regular intervals and no demand for payment is made during the lifetime of the decedent,. [sic] there is a presumption that the services were paid for or that no compensation was due.

(b) If decedent was of sufficient means to have been able to pay for board and lodging or other services. usually paid for at regular intervals, there is a presumption that he did so.' "

■ As to No. 26, we find no error in the trial court's refusal to instruct as to permissible factual inferences from facts. in evidence. See, Patania v. Silverstone,. 3 Ariz.App. 424, 415 P.2d 139 (1966); Boutang v. Twin City Motor Company,. 248 Minn. 240, 80 N.W.2d 30 (1957).

■ As to the "presumption of payment" instruction, we likewise find no error in the refusal to so charge where there was evidence to the contrary. See, Bemis v. Van Pelt, 139 Pa.Super. 282, 11 A.2d 499 (1940); Wilson v. Murch, 354 S.W.2d 332 (Mo.App.1962).

Finding no basis for granting a new trial, the judgment is hereby reduced to $11,500, and as so modified, affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.