508 P.2d 83

**Morris A. HERRING, Individually and as State Treasurer of the State of Arizona, Appellant,**

v.

**RAILWAY EXPRESS AGENCY, INC., Appellee.**

No. 1 CA–CIV 2010.

Court of Appeals of Arizona, Division 1.

April 3, 1973.

Rehearing Denied May 3, 1973.
Review Denied June 5, 1973.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellant.

Fennemore, Craig, von Ammon & Udall, by Philip E. von Ammon, Phoenix, for appellee.

---

HATHAWAY, Chief Judge.

A judgment awarding the appellee-taxpayer a refund of taxes for 1969 and 1970 is the subject of this appeal.

The record reflects that the case was to be tried to the court sitting without a jury. The minute entry of the "trial" recites in part as follows:

"Plaintiff presents no evidence.

Plaintiff rests.

Defendant moves for Directed Verdict.

The Motion is argued to the Court.

LET THE RECORD FURTHER SHOW that Defendant will not present any evidence.

Defendant rests.

Plaintiff moves for Judgment.

IT IS ORDERED taking this matter under advisement subject to submission of memoranda by Defendant within 5 days and response thereto by Plaintiff within 3 days."

A subsequent minute entry recites in part:

"IT IS ORDERED Plaintiff's Motion for Summary Judgment is granted."

The formal, signed judgment indicates that the court based its judgment for the plaintiff solely on the pleadings:

"... and the Court having considered as true the allegations of the complaint and supplemental complaint not denied by defendant and the arguments of counsel and being fully advised in the premises, finds all issues in favor of plaintiff and that plaintiff is entitled to judgment; ..."

Since the judgment in favor of the plaintiff was in essence a judgment on the pleadings, we confine our review accordingly. The pertinent allegations of the complaint[1] are:

"Plaintiff is a corporation engaged in the business of an express company as defined and described in A.R.S. § 42–721. Its business is conducted in numerous states including the State of Arizona, and in interstate commerce in and across the State of Arizona and other states. ...

Pursuant to Article 2, Title 42, of the Arizona Revised Statutes, plaintiff filed with the State Tax Commission a statement in the form prescribed by the Commission furnishing the information required by law for the year ending June 30, 1969. Pursuant to law the Commission reported to the State Treasurer the amount found by it as the gross receipts of plaintiff and the State Treasurer thereafter collected from plaintiff a state tax of 6% of the amount of such gross receipts in accordance with the provisions of A.R.S. § 42–725. Under the provisions of said section, the tax collected pursuant thereto 'shall be in lieu of all other taxes upon the properties of such (express) companies'.

Notwithstanding the provisions of A.R.S. § 42–725, and in direct violation and contravention thereof, the Tax Commission of the State of Arizona made a levy against an assessment on an assessed

---

1. Although the complaint filed by the taxpayer set forth two counts, one was subsequently dismissed at its request.

**420**

valuation of 60% of the total valuation of all cars owned by plaintiff as supplied by the State Department of Property Valuation pursuant to Article 3 of Title 42, Arizona Revised Statutes, and at a rate which equaled the average rate of levy for all purposes in the several taxing districts in the state . . . Plaintiff has paid to the State Tax Commission the full amount of such tax . . . The said tax was paid under protest . . ."[2]

The responsive pleading of the appellant expressly admitted these allegations with the exception that it denied that the taxes levied upon an assessment of the total valuation of all plaintiff's cars was illegally collected. It further alleged:

"For an affirmative defense, alleges that plaintiff engaged in the business of operating, furnishing or leasing cars used for transporting freight over railroad lines in the State of Arizona as a private car company within the definition of A.R.S. § 42–741.4, and not as an express company within the definition of A.R.S. § 42–721.2 . . ."

 The gross receipts of express companies for business done in this state is ascertained by deducting the amount paid for transportation of freight from the company's entire receipts. A.R.S. § 42–724. Under A.R.S. § 42–725, the tax paid on such gross receipts "shall be in lieu of all other taxes upon the properties of such companies." As noted above, the responsive pleading of appellant admitted that the taxpayer was engaged in the business of an express company, that it had paid a state tax of 6% of its gross receipts, that such tax was in lieu of all other taxes upon the property of the express company, and that the taxpayer had paid under protest a tax based on the assessed valuation of 60% of the total valuation of its cars. By virtue of these admissions, no proof thereof was required of the taxpayer. Standage v. Tarpey, 8 Ariz.App. 342, 446 P.2d 246

(1968). Such being the case, the pleadings established that the additional levy of a tax was in violation of the "in lieu" provision of A.R.S. § 42–725.

The appellant, however, alleged as an affirmative defense that the taxpayer was engaged in the business of a private car company and not as an express company, notwithstanding its admission that the taxpayer was engaged in the business of an express company. Although appellant's pleading is contradictory, it apparently was attempting to allege that the taxpayer was operating a private car business in addition to its express company business. However, appellant presented no evidence in support thereof. Mere recital of possible defenses is not proof of their existence and cannot take the place of evidence. Smith v. McLaren, 58 Wash.2d 907, 365 P.2d 331 (1961). On this state of the record, the trial court did not err in granting a refund to the taxpayer.

Affirmed.

KRUCKER and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

2. A supplemental complaint contained like allegations as to the year ending June 30, 1970.