471 P.2d 741

**MIRACLE MILE BOTTLING DISTRIBUT-ING COMPANY, Inc., an Arizona corporation, dba Seven-Up Bottling Company, Appellant,**

v.

**Jerry DRAKE and Rose Drake, husband and wife, Appellees.**

No. 2 CA–CIV 808.

Court of Appeals of Arizona, Division 2.

July 8, 1970.

Rehearing Denied Sept. 2, 1970.
Review Denied Oct. 27, 1970.

**440**

turned green, Drake followed the car ahead of him into the intersection. As he was proceeding through the intersection, he saw the Seven-Up truck on his right about half a block or more away, going "pretty fast." He observed nothing about the truck or its mode of travel which gave him cause for alarm and he "figured the truck would stop" at the red light. The Seven-Up truck hit the Drake vehicle on the right front portion thereof and pushed it easterly about 40 feet.

The driver of the Seven-Up truck admitted that he went through the intersection on a red light, his brakes having totally failed as he approached the intersection. Several witnesses testified that immediately after the accident he stated that he had told Seven-Up to fix the brakes.

 The first contention advanced on appeal is that a verdict against the employer and exonerating the employee is inconsistent and therefore the judgment against the employer cannot stand. We agree with Seven-Up that if the Drakes' claim against it was based solely upon the doctrine of respondeat superior, its argument would have merit. However, if the employer's negligence is independent of that of the exonerated employee, the "inconsistent verdict" argument fails. Hing v. Youtsey, 10 Ariz.App. 540, 460 P.2d 646 (1970). We find no inconsistency here. The jury could have concluded that the driver was not negligent but that Seven–Up was because of its knowledge of and failure to remedy the defective mechanical condition of its truck.

 The defendant claims error in the trial court's deletion of the underlined portion of the following instruction:

> "It is the duty of every motorist at all times to keep and maintain a proper lookout for other vehicles upon the highway. This duty applies to all motorists, *even those motorists driving on a street approaching an intersection controlled by traffic lights."*

Murphy, Vinson & Hazlett, by John U. Vinson, Tuscon, for appellant.

Peter Chase Neumann, Reno, Nev., for appellees.

HATHAWAY, Judge.

This is an appeal from a judgment in a negligence action entered on a jury's ·verdict for $40,000 in favor of the plaintiffs-appellees. The litigation arose out of an automobile collision on June 2, 1967, at the intersection of East 6th Street and Tucson Boulevard, Tucson, Arizona. Mr. Drake's vehicle was struck by a truck owned by Seven–Up and driven by its employee, Robert Hall. The jury found in favor of the employee-driver and against Seven-Up, the employer.

Briefly, the facts are as follows. At approximately 4:30 p.m. on the day of the accident, Mr. Drake was proceeding south on Tucson Boulevard and stopped for a red light at East 6th Street. Three cars were stopped in front of him. When the light

We summarily reject Seven-Up's argument since the deleted portion of the quoted instruction is not applicable to the facts of the case. Mr. Drake was not approaching the intersection as a favored driver, but rather was stopped for a red light before entering the intersection.

■ Complaint is made of the fact that a witness, who was not registered or licensed as an engineer, was permitted to express an opinion as to the effect of a 1¼₆th inch thickness in the brake linings and of impact loading on the anchor pin, the loading that the pin was designed to withstand, and the design capabilities of the braking system of Seven-Up's truck. No authority is cited other than A.R.S. §§ 32–121 and 145, which govern the practice of engineering in the State of Arizona. The transcript, however, discloses that the witness' testimony was based on a combination of his engineering training coupled with his experience and familiarity with braking systems. We find no abuse of discretion in permitting this witness to express his opinion.

■■ The trial court permitted a witness, the plaintiffs' daughter, to testify, over objection, notwithstanding she had not been listed as a witness in the interrogatories submitted to the plaintiffs. Whether or not a witness should be permitted to testify under such circumstances is a matter committed to the trial court's discretion. Zakroff v. May, 8 Ariz.App. 101, 443 P.2d 916 (1968). No abuse of discretion having been demonstrated to this court, we decline to interfere.

■■ The trial court permitted testimony by Mr. Drake's superior to the effect that prior to the accident in question, Mr. Drake had not complained of any physical ailments to him. Seven-Up contends that this "negative evidence" was inadmissible. It is true that if a witness testified that he did not see or hear an event, such testimony must be coupled with a predicate to establish that he was in a position to have heard or seen the occurrence if it had happened. Shell Oil Company v. Collar, 99 Ariz. 154, 407 P.2d 380; In re Schade's Estate, 87 Ariz. 341, 351 P.2d 173. In light of the longevity of the close working relationship between Mr. Drake and the witness, i.e., fifteen years, we believe there was a sufficient showing that the witness was in a position to have heard Mr. Drake complain of physical ailments prior to the accident. We thus find no error in the admission of his testimony.

■ Complaint is also made with regard to the argument of plaintiffs' counsel to the jury. Counsel argued that "when a person enters an intersection and he has the green light, he has a right to expect that other people will stop at the red light." We do not find this argument to be contra to the court's instruction, as contended, since the jury was specifically instructed that a driver may assume that another motorist will proceed in a lawful manner and obey the laws of the road. Plaintiffs' counsel also argued to the jury that the accident could easily have been avoided and that counsel was sure "that brake linings don't cost more than $20 at the most." Defense counsel objected and the objection was sustained by the trial court. No request was made that the jury be admonished with regard thereto, and we therefore consider the error, if any, waived. Standage v. Tarpey, 8 Ariz.App. 342, 446 P.2d 246 (1969).

■ Seven-Up's final attack on the judgment is predicated on the trial court's instruction as to the basic speed law prescribed in A.R.S. § 28–701, subsec. A without instructing on the special conditions of § 28–701, subsec. E, namely that the driver of every vehicle shall drive at an appropriate reduced speed when approaching and crossing an intersection. We note parenthetically that defendant's objection did not meet the "specificity" requirement of Rule 51(a), Rules of Civil Procedure, 16 A.R.S. However, we find no merit in the attack on the instruction as given for the reason that subsection E of A.R.S. § 28–701 was not applicable since there was no evidence

of conditions requiring Mr. Drake to reduce his speed. Wolfe v. Ornelas, 84 Ariz. 115, 324 P.2d 999 (1958).

Finding no error in the proceedings below, the judgment is affirmed.

HOWARD, C. J., and KRUCKER, J., concur.