492 P.2d 1205

Donald O'DONNELL and Margaret O'Donnell, husband and wife, Appellants,

v.

Keith Kay MAVES and Shirley Maves, husband and wife, Appellees.

No. 10336.

Supreme Court of Arizona, In Division.

Jan. 26, 1972.

James E. Grant, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Thomas A. McGuire, Jr., Phoenix, for appellees.

STRUCKMEYER, Justice.

This is an appeal from a second trial of an automobile accident. A jury returned a verdict for Keith Kay Maves and Shirley Maves at the conclusion of the first trial, and Donald O'Donnell and Margaret O'Donnell appealed. That appeal resulted in a reversal and a remand for a second trial because of an erroneous jury instruction, O'Donnell v. Maves, 103 Ariz. 28, 436 P.2d 577. On the second trial, the jury again found in favor of the Maves, and O'Donnell again appeals. Judgment affirmed.

O'Donnell was struck from the rear in a collision caused by a sudden brake failure in the Maves vehicle. He urges that he should have been awarded a directed verdict as to negligence in trial court because the defendant's failure to conform to A.R. S. § 28–952, requiring every motor vehicle to be equipped with adequate brakes, constitutes negligence per se. The issue presented has previously been decided adversely to the plaintiffs not only by those Arizona courts which have passed upon it, see Conner v. Brkich, 14 Ariz.App. 208, 481 P.2d 894; Caruth v. Mariani, 10 Ariz. App. 277, 458 P.2d 371; Dayton v. Palmer, 1 Ariz.App. 184, 400 P.2d 855, but by a majority of courts from other jurisdictions as well. For the latest cases in accord with the holding in Arizona, see Maloney v. Rath, 69 Cal.2d 442, 71 Cal.Rptr. 897, 445 P.2d 513 (1968); Savage v. Blancett, 47 Ill.App.2d 355, 198 N.E.2d 120 (1964); Cartwright v. Firemen's Ins. Co. of Newark, New Jersey, 254 La. 330, 223 So.2d 822 (1969); McGlone v. Corbi, 59 N.J. 86, 279 A.2d 812 (1971); Small v. Tyres, 33 A.D.2d 1055, 308 N.Y.S.2d 730 (1970). Contra Spalding v. Waxler, 2 Ohio St.2d 1, 205 N.E.2d 890 (1965). Only where, admitting the violation, the defendant fails to offer any legal excuse can negligence be said to exist as a matter of law. Lochmoeller v. Kiel (Mo.App., 1940), 137 S.W. 2d 625.

Testimony in the instant case established that the brakes had failed due to a rupture caused by the rubbing of the gasoline tank against the brake line. This rubbing occurred only when the vehicle was heavily loaded. The point of rupture was not visible upon inspection unless the vehicle was heavily loaded at the time of inspection and, consequently, in an extended position.

**100**

■ We hold that when it is shown that the statute, A.R.S. § 28–952, has been violated, the burden shifts to defendant to prove to the satisfaction of the jury that his failure to comply with the statute was without fault, and that if there is sufficient evidence from which the jury could find that the brake failure was not due to the fault of the defendant, it then becomes a question of fact for the jury to decide whether fault in fact existed.

■ We further hold that under the facts of this case there was sufficient evidence of a want of fault on defendant's part to present a jury question on the issue of liability, and that the trial court did not err in denying plaintiff's motion for a directed verdict.

Judgment is affirmed.

HAYS, C. J., and LOCKWOOD, J., concur.