539 P.2d 534

Virginia N. BYARS, Surviving mother of Lawrence Eugene Daniel, aka Gene Byars, Appellant,

v.

ARIZONA PUBLIC SERVICE COMPANY and El Paso Natural Gas Co., Appellees.

No. 1 CA–CIV 1958.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 26, 1975.

Rehearing Denied Oct. 17, 1975.

Review Denied Dec. 2, 1975.

**422**

Westover, Keddie, Choules, Shadle & Bowen, by Ted B. Bowen, Yuma, for appellant.

Snell & Wilmer by H. William Fox, Kent E. Turley, Phoenix, for appellee Arizona Public Service.

Maupin & Wilson by Harold J. Maupin, William G. Fairbourn, Phoenix, for appellee El Paso Natural Gas Co.

## OPINION

WREN, Judge.

This is an appeal from a summary judgment which dismissed plaintiff's action to recover damages for the wrongful death of her son. We find that it was properly granted.

The complaint filed by plaintiff, Virginia N. Byars, alleged that defendants, Arizona Public Service Company (APS) and El Paso Natural Gas Company (El Paso), were negligent in failing to odorize, or to properly odorize, natural gas supplied to the apartment which the decedent, Gene Byars (Byars), was occupying at the time of his death. It further alleged that as a result thereof, Byars was unaware of escaping gas in the apartment, and was fatally injured when he struck a match, causing an explosion.

It is plaintiff's contention that a genuine issue of fact as to defendants' negligence was presented, and hence it was improper for the court to grant the motion for summary judgment against her.

In determining whether this case was a proper one for summary adjudication, we note that neither the trial court nor the appellate court may weigh the evidence, and that all matters presented must be considered in their most favorable aspect to the party opposing the motion. *Hall v. Motorists Insurance Corp.*, 109 Ariz. 334, 509 P.2d 604 (1973). It is a well established rule in appellate consideration of summary judgment that it should not be granted when there is an issue of fact, or where there is the slightest doubt as to the facts. *Biondo v. General Motors Corp.*, 5 Ariz.App. 286, 425 P.2d 856 (1967).

The facts essential to our disposition of this appeal are as follows: APS supplied natural gas to the apartment where Byars resided. In turn, the natural gas was supplied to APS by El Paso. The gas distributed was required to be odorized in accordance with standards set by the Arizona Corporation Commission. The purpose of the required odorization was to make it readily detectable if it escaped into the atmosphere.

On April 23, 1969, at approximately 8:45 a. m., Byars responded to a knock on his

door from a co-worker of the store where Byars worked, and said that he would go to the store right away. A few minutes later, there was an explosion and a flash fire. Byars was seen diving out the door of his apartment with his hair, arms, and clothing on fire. He was rushed to a hospital with second and third degree burns on his abdomen, chest, neck, face and upper extremities. Approximately two weeks later, he died.

According to the deposition of Robert Bivin (Bivin), chief investigator for the Phoenix Fire Department, the explosion and resultant fire were due to a concentration of natural gas in the apartment, and that the explosion occurred when Byars lit a match.

It is plaintiff's contention that the trial judge disregarded certain evidence from which negligence on the part of the defendants in failing to odorize or to properly odorize their natural gas could be inferred. In support of this assertion, she points to the court's refusal to consider as an "excited utterance", a statement made by Byars after his admission to the hospital.

The investigation reports of Bivin established that he interviewed Byars in the hospital within an hour after the explosion. According to Bivin, Byars stated that he arose from his bed after 8:30 a. m., dressed himself, sat on the bed, lit a match for a cigarette, and the explosion occurred. Byars further told Bivin that it was natural gas, but that he did not know where it came from.

■ The rationale for the "excited utterance" exception to the hearsay rule lies in the special reliability regarded as being furnished by the excitement or external circumstances of physical or mental shock which suspend the declarant's power of reflection and fabrication. *Keefe v. State of Arizona,* 50 Ariz. 293, 297–298, 72 P.2d 425, 427 (1937); McCormick, Laws of Evidence § 297 at 704 (1972).

■ For a statement to qualify as an excited utterance, the following requisites must be met:

"1. There must be a startling event.

2. The words spoken must be spoken soon after the event so as not to give the person speaking the words a time to fabricate.

3. The words spoken must relate to the startling event." *State v. McLain,* 74 Ariz. 132, 135, 245 P.2d 278, 281 (1952).

Clearly element one has been satisfied here. As to elements two and three, it is universally held that the declarant's statement must be a spontaneous reaction to the occurrence or event, rather than the result of reflective thought. McCormick, *supra,* at 704. Where the statement lacks this spontaneity, it becomes merely a narration of past events, and is inadmissible because it is not part of the *res gestae* exception to the hearsay rule. *Yellow Cab Company of Phoenix v. Green,* 16 Ariz. App. 485, 488, 494 P.2d 385, 388 (1972).

In each case the trial judge must consider all the circumstances surrounding the particular exclamation to determine if the speaker was under the stress of nervous excitement or shock produced by the event in issue. *State v. Lopez,* 107 Ariz. 214, 217, 484 P.2d 1045, 1048 (1971). To frame this distinction in a different vein, the line of demarcation between admissibility and non-admissibility lies between the words *outcry* and *narration,* between *impulse* and *reflection. Yellow Cab, supra.*

■ Applying the foregoing principles to the facts here, we cannot agree that Byars' statement was properly excluded as a narration of past events, too far removed from the explosion to constitute a spontaneous utterance. We find it extremely doubtful that a dying man, lying in a hospital bed, with fifty-four percent second and third degree burns covering the upper part of his body from an explosion occurring only an hour before, would make any

attempt at fabrication. His physical condition and the shocking occurrence insured the requisite spontaneity of his statement.

■ Nor can it make any difference that Byars spoke in response to questions from Bivin. An answer elicited by a question, though normally indicative of reflective thought, is not conclusive of that fact, and is only a factor to be considered in determining the spontaneity of the statement. McCormick, *supra*, at 706; *see State v. Woolery*, 93 Ariz. 76, 378 P.2d 751 (1963); *State v. McLain, supra*. We find that the statement satisfied elements two and three under the *McLain* test; that it therefore clearly qualified as an excited utterance, and the trial court therefore abused its discretion in not considering it as such.

We must turn now to the probative value of the statement in raising a justiciable issue of fact. The words used are obviously capable of several inferences, of which not the least logical one would be that Byars recognized the presence of natural gas in his room because he smelled it. However, viewing it in a light most favorable to plaintiff, a reasonable inference would also be that Byars did not notice the odor of gas, particularly so because he lit a match. From this latter inference plaintiff urges that it is further a logical inference that Byars did not smell the gas because it was either not odorized or improperly odorized.

■ The latter inference must be classified as "negative" evidence. Unquestionably under certain circumstances negative evidence has probative value, but there are certain prerequisites. The courts of this state have held on numerous occasions that mere testimony by a witness that he did not see or hear an event occur, has, in and of itself no probative force sufficient to prove that the event did not occur. Udall, Law of Evidence § 112 (1960). Such negative evidence can rise to the level of probative value only when coupled with a sufficient predicate, consisting of additional testimony or circumstances to show that

the witness' position and attitude of attention were such that he probably would have heard or seen the occurrence of the event had it happened. *Miracle Mile Bottling Distributing Co. v. Drake*, 12 Ariz. App. 439, 471 P.2d 741 (1970); *Doubek v. Greco*, 7 Ariz.App. 102, 436 P.2d 494 (1968). We do not find such a predicate here.

In *Shell Oil Company v. Collar*, 99 Ariz. 154, 407 P.2d 380 (1965), involving negative testimony to establish that butane gas had not been properly odorized, the court reasoned that the predicate had been laid where the declarant testified that she did not have any difficulty with her sense of smell, that before lighting a match she smelled for gas and did not detect any odor, and further, that she did not hear any hissing sounds.

■ Here, however, there is nothing beyond the mere inference itself, except an affidavit of plaintiff, stating that she believed Byars to be possessed of a normal ability to smell. In our opinion, such evidence, while sufficient to establish an issue as to the condition of Byars' olfactory senses at the time of the explosion, was wholly insufficient to support an inference that the gas did not contain the required odorization. To analogize, a witness' statement that he did not hear a bell ring is, standing alone, not at all inconsistent with the testimony of another witness that it actually did ring. As for striking the match, the fact that a deceased drove in front of and was struck by a train is not evidence that the whistle was not blowing or that the signal lights were not flashing.

Moreover, we know nothing about Byars' activities just prior to the explosion, beyond the fact that he had apparently just awakened—a fact which militates against making an assumption that he was awake and alert. Nor do we know anything about possible odors in the room which may have masked the odor of the natural gas.

In short, the negative evidence here stands alone, unsupported by the requisite foundation, and is insufficient to support any inference that Byars could not smell gas in the room at the time he struck the match. His hospital statement could lead only to conjecture and speculation on the part of the court and jury. The trial judge's refusal to consider the spontaneous declaration of Byars was therefore harmless error. *See Dodd v. Boies,* 88 Ariz. 401, 357 P.2d 144 (1960).

Plaintiff also contends that the trial judge improperly ignored the affidavit of Dr. Ernest Martin, a professor of chemistry, who investigated the accident at the request of plaintiff. It is defendants' position that the trial judge refused to accept the affidavit because of an untimely filing and therefore we cannot consider it. However, the minute entries of the court below do not reflect any such refusal. The affidavit is included as part of the record before this court and we must therefore assume that it was considered by the trial court in its deliberation on this motion.

It is axiomatic that when the moving party to a motion for summary judgment has made a prima facie showing that no genuine issue as to any material fact exists for trial adjudication, the opponent has the burden of producing controverting evidence sufficient to show that there is a triable issue. *Dobson v. Grand International Bro. of Loc. Eng.,* 101 Ariz. 501, 421 P.2d 520 (1966); *Robbins Investment Co. v. Green Rose Associates, Inc.,* 8 Ariz.App. 596, 448 P.2d 440 (1968).

According to defendants, all natural gas distributed by them was either naturally or artificially odorized by El Paso through the use of a chemical compound. As proof that the natural gas supplied to Byars' apartment was properly odorized, defendants submitted an affidavit by El Paso that periodic tests were conducted for the purpose of determining the efficacy of the odorant in its natural gas. To controvert this, plaintiff argues that the affidavit of Dr. Martin as to tests conducted on the malodorant added to natural gas impugns the conclusiveness of defendants' tests, and otherwise established a lack of proper odorization.

In response to plaintiff's plea, we have carefully examined Dr. Martin's affidavit, and assuming the truth of all allegations and statements contained therein, we believe it to be inadequate to show a justiciable issue of fact as to negligence on the part of the defendants. It, too, is subject to the same conjectural and conflicting inferences inherent in Byars' statement as to the odorization of the gas and alternate possibilities. His opinions on causal connection as to odorization or lack thereof and the explosion under the facts here, had to be based upon sheer conjecture. Such conclusions could only be characterized as possibilities.

Plaintiff has also challenged the refusal of the trial court to apply the doctrine of res ipsa loquitur. On this point we are initially confronted with the question as to whether plaintiff, by averring specific acts of negligence on the part of defendants, was precluded from any reliance on the doctrine. The question has been the subject of much argument and conflicting decisions.

In *Pickwick Stages Corporation v. Messinger,* 44 Ariz. 174, 36 P.2d 168 (1934), the court held that where specific acts of negligence have been pleaded, the *res ipsa* doctrine may still be used, but its effect is limited to proving the allegations of negligence specifically asserted. *Cf. Snethen v. Gomez,* 6 Ariz.App. 366, 432 P.2d 914 (1967); *see also, Udall, supra,* § 195 n. 93; *City of Tucson v. Sanderson,* 104 Ariz. 151, 449 P.2d 616 (1969). While we may therefore conclude that plaintiff was not precluded here from asserting res ipsa loquitur, we find the doctrine to be inapplicable to the facts before us.

The requirements of res ipsa are set forth in *Capps v. American Airlines,* 81 Ariz. 232, 234, 303 P.2d 717, 718 (1956):

"(1) the accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;

(2) it must be caused by an agency or instrumentality within the exclusive control of defendant;

(3) it must not have been due to any voluntary action on the part of the plaintiff;

(4) plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury."

When these elements are met a permissible inference of negligence is created by application of the doctrine. *O'Donnell v. Maves,* 103 Ariz. 28, 436 P.2d 577 (1968). In our opinion, plaintiff here has failed to establish the requisite element that the cause of the accident was an agency or instrumentality within the exclusive control of defendants.

It is true that the exclusive control test is not one to be strictly or rigidly applied. It is flexible, as indeed the *res ipsa* doctrine itself is, and must be applied to the facts and circumstances of each case. It is also true that it is of little value to discuss any of the innumerable precedents wherein application of the rule was sought, for each decision must be analyzed upon its particular facts. *See, Phen v. All American Bus Lines, Inc.,* 56 Ariz. 567, 110 P.2d 227 (1941); *Lindenauer v. State,* 45 A.D.2d 73, 356 N.Y.S.2d 366 (1974); *e. g. Eaton Fruit Co. v. California Spray-Chemical Corp.,* 103 Ariz. 461, 445 P.2d 437 (1968). *Snethen, supra.*

It has been said that the exclusive control test is merely an aid in determining whether it is more probable than not that the accident was the result of defendants' negligence. *Zentz v. Coca Cola Bottling Co. of Fresno,* 39 Cal.2d 436, 247 P.2d 344 (1952). On the facts before this court, we cannot say that it was *more probable* than not that the accident was the result of any negligence on the part of defendants.

Though plaintiff was not required to exclude all possibility that the explosion resulted without fault on the part of the defendants, it was incumbent upon her to show a greater probability that it resulted from defendants' negligence than from another cause. *See Stewart v. Crystal Coca-Cola Bottling Co.,* 50 Ariz. 60, 68 P. 2d 952 (1937). It is only where the existence of such negligence is a more reasonable deduction that plaintiff would be permitted to call the rule to her aid. It cannot be allowed to prevail where, without more than proof of the occurrence, the matter must rest on conjecture alone. While the injury causing agency, the natural gas explosion, was known, the precise *cause* of the accident remained unknown. There are various alternate possibilities to its cause, some of which obviously were not within the exclusive control of defendants. For example, it is obviously possible that the gas lines within Byars' apartment leaked. The defendants did not have exclusive control of the premises and buildings where the explosion occurred. Another distinct possibility is that the gas may have been properly odorized and Byars still voluntarily struck the match.

On the evidence placed before the trial court, it would have been sheer speculation to conclude that the cause of the accident was one within defendants' exclusive control. *Id.* Clearly, this is not a case for the application of the res ipsa loquitur doctrine. *See McKeever v. Phoenix Jewish Community Center,* 92 Ariz. 121, 374 P.2d 875 (1969).

We turn next to plaintiff's final assertion that the trial judge erred in limiting plaintiff's case to one of negligence, and in not considering her alternate theory of recovery under strict liability in tort. Though negligence and strict liability in tort are generally concomitant theories of recovery in product liability cases, they are

separate and distinct. Furthermore, it is well settled that pleadings must give the opponent fair notice of the nature and basis of the claim against it. *Mackey v. Spangler,* 81 Ariz. 113, 301 P.2d 1026 (1956); *See Blake v. Roy Webster Orchards,* 249 Or. 348, 437 P.2d 757 (1967). We find that plaintiff has alleged negligence and not strict liability in tort.

Finding no reversible error, the judgment of the trial court is affirmed.

NELSON, P. J., and FROEB, V. C. J., concur.