548 P.2d 28

Karen PLATT and Charles R. Platt, Appellants,

v.

Lois L. GOULD, Appellee.

No. 2 CA–CIV 2023.

Court of Appeals of Arizona, Division 2.

April 8, 1976.

Slutes, Zlaket, Sakrison & Wasley by D. Thompson Slutes and Philip H. Grant, Tucson, for appellants.

Miller, Pitt & Feldman, P.C. by Jeffrey H. Schwartz, Tucson, for appellee.

OPINION

HATHAWAY, Judge.

Appellee filed an action for damages alleging that Karen Platt negligently caused the vehicle she was driving to collide with a vehicle being driven by appel-lee. Charles R. Platt was named as a defendant under the family purpose doctrine. The case, tried to a jury, resulted in a plaintiff's verdict in the sum of $69,000. Upon denial of the defendants' motion for a new trial, or in the alternative, for a remittitur, this appeal ensued.

On September 19, 1972, Ms. Platt was driving a 1969 Mustang. The weather was clear but puddles were in the streets from recent rains. She had experienced some difficulty with the brakes on the previous day, noticing that when they got wet their efficiency decreased. While on her way home from work, traveling in a westerly direction on Blacklidge in Tucson, Arizona, she attempted to stop at the intersection of Blacklidge and Park and found that her brakes were wet. She pumped the brakes and down shifted in an attempt to stop but still entered the intersection at approximately 5 miles per hour. She honked the Mustang's horn, attempting to warn oncoming vehicles, but struck Mrs. Gould's vehicle and flipped it over.

On appeal it is contended that the trial court erred (1) in refusing to instruct that brake failure is not a violation of A.R.S. § 28–952; (2) that right-of-way does not discharge a driver's duty to exercise due care and maintain a proper lookout and control speed; and (3) in finding a factual basis for application of the family purpose doctrine.

Appellants were not entitled to a jury instruction that brake failure is not a violation of A.R.S. § 28–952 in view of the evidence of her prior knowledge that her brakes were inadequate. The giving of the instruction would have conflicted with plaintiff's instruction number 1[1] and would have required reversal. *Yellow Cab Company of Phoenix v. Green*, 16 Ariz. App. 485, 494 P.2d 385 (1972). Where A. R.S. § 28–952 is violated and no legal excuse is offered, negligence exists as a matter of law. *O'Donnell v. Maves*, 108 Ariz. 98, 492 P.2d 1205 (1972). The burden

---

1. This was the instruction on the violation of A.R.S. § 28–952.

shifted to appellants once it was shown that the statute had been violated, to show absence of fault. Ms. Platt's own testimony established that the previous day she had brake trouble from driving through puddles and that she failed to test the brakes after driving through puddles on the day of accident, although she had ample opportunity to do so. A jury of reasonable persons could not disagree that Karen Platt was at fault and there was no issue of legal excuse to submit to the jury.

■ Appellants' next contention is that the trial court erred in instructing that the driver with the right-of-way nevertheless is under a duty to exercise due care to maintain a proper lookout and control speed. The trial court gave R.A.J.I Standard Negligence instruction 14 which provides:

"A driver may assume that another motorist will proceed in a lawful manner and obey the laws of the road. He may act on that assumption unless it should become apparent to him, acting as a reasonably careful person, that the other motorist is not going to obey the laws of the road.

All drivers have a continuing duty to make that degree of observation which a reasonably careful person would make under similar circumstances."

The trial court refused to give the following instruction requested by appellants:

"The mere fact that the driver of a motor vehicle may have the right-of-way at an intersection does not relieve her from her negligence in failing to exercise due care to maintain a proper lookout for other traffic, or in failing to exercise due care to control the speed and operation of her vehicle so as to avoid colliding with other motorists in the intersection.

A motorist's right-of-way is coexistent with her duty to keep a proper lookout for other vehicles traveling upon the highway and to use that degree of care that a reasonably prudent person would use under like circumstances to avoid colliding with other vehicles using the same intersection.

Even though a motorist may have the right-of-way, she must keep a proper lookout and yield the right-of-way to a motorist whom she knew or should in the exercise of reasonable care have known was not going to yield the right-of-way."

We find that the refused instruction is repetitious and is adequately covered in R.A.J.I 14.

■ Finally, appellants contend that the trial court erred in applying the family purpose doctrine. We agree. To apply the doctrine, there must be a family unit, the injury-causing motor vehicle must have been "furnished" by the head of the family to a family member, and the vehicle must have been used on the occasion by the member with the consent of the head for a family purpose. *Pesqueira v. Talbot*, 7 Ariz.App. 476, 441 P.2d 73 (1968). We find that Karen Platt did not fall within the family unit as defined in *Pesqueira*. She had reached her majority and had moved from the family abode in New Mexico to her own home in Tucson. She was employed by the Arizona Bank and was generally self-sufficient. The vehicle was being used solely for her own purposes at the time of the accident.

The judgment is therefore reversed as to Charles R. Platt and is affirmed as to Karen Platt.

HOWARD, C. J., and KRUCKER, J., concur.