575 P.2d 811

**Charles SULLIVAN and Norma Sullivan, his wife, as surviving parents of Roger Dale Sullivan, Deceased, Appellants,**

v.

**GREEN MANUFACTURING CO., an Arizona Corporation, R. D. Scott and Jane Doe Scott, his wife, L. D. Scott and Jane Doe Scott, his wife, Scott and Scott dba Scott and Scott Trailers, Appellees.**

**No. 1 CA–CIV 3277.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 27, 1977.

Rehearing Denied Feb. 1, 1978.

Review Denied Feb. 22, 1978.

---

3. The 10% discount figure was subsequently amended to 8.1% by Honeywell at the trial in the court below.

Judgment reversed and matter remanded for further proceedings.

Robbins, Green, O'Grady & Abbuhl, P.A., by Timothy C. Gerking, Phoenix, for appellants.

Maud & Wildermuth by Oliver H. Maud, Jr., Casa Grande, for appellees Scott and Scott.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Westover, Phoenix, for appellee Green Mfg.

## OPINION

SCHROEDER, Judge.

This case arises out of a highway collision between an automobile and a truck pulling a loaded cotton trailer. The accident resulted in the death of appellants' son, Roger Sullivan, the driver of the automobile. Appellants Charles and Norma Sullivan brought this wrongful death action against a number of parties, including appellee Green Manufacturing Co. (Green), which manufactured the trailer, and appellees Scott and Scott Trailers (Scott), who sold it. This is an appeal from the trial court's entry of summary judgment in favor of Green and Scott.

Appellants' claim against these appellees is based upon the lack of brake equipment on the trailer. For purposes of this appeal from summary judgment, it is undisputed that the trailer was manufactured, sold, and operated without brakes in Arizona, and that this accident occurred when the driver of the truck was unable to stop in time to avoid the accident because of the lack of brakes on the trailer.

Appellants base their action against appellees on two theories. First, they urge that under an Arizona statute, the cotton trailer was required to be equipped with brakes, and that violation of that law constituted a *prima facie* showing of negligence shifting the burden to them to show the violation was without fault. *O'Donnell v. Maves*, 108 Ariz. 98, 492 P.2d 1205 (1972); *Platt v. Gould*, 26 Ariz.App. 315, 548 P.2d 28 (1976). Second, appellants argue that the brakeless trailer constituted an unreasonably dangerous product subjecting appellees to strict liability in tort. Since we conclude that summary judgment was inappropriate with respect to both theories, we reverse and remand to the trial court.

We turn first to appellants' contention that as a matter of Arizona statutory law, this trailer was required to be equipped with brakes. A.R.S. § 28–952(A)(3) and (4) provide that trailers weighing in excess of 3,000 lbs. be equipped with brakes. The subsections provide:

"3. Every trailer or semi-trailer of a gross weight of three thousand pounds or more when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and to hold the vehicle and so designed as to either be applied by the driver of the towing motor vehicle from its cab or be of a type which will operate automatically when the service brakes of the towing vehicle are applied, and the brakes shall be so designed and connected that in case of an accidental break-away of the towed vehicle the brakes shall be automatically applied.

4. Every new motor vehicle, trailer or semi-trailer sold in this state and operated upon the highways shall be equipped with service brakes upon all wheels of

every vehicle, except any motorcycle or motor-driven cycle, and except that any semi-trailer or trailer less than three thousand pounds gross weight need not be equipped with brakes and except that any semi-trailer or trailer less than six thousand pounds gross weight may have brakes only on all wheels of one axle and except that three axle truck tractors need only be equipped with brakes on all wheels of the two rear axles."

There is no question that this trailer [1] at the time of the accident weighed more than 3,000 lbs., and that it was carrying cotton on a public highway from the farm to a cotton gin.

However, A.R.S. § 28–952 is part of a larger article containing a number of requirements for equipment on motor vehicles. A.R.S. § 28–921(C) exempts from the requirements of that article, among other types of vehicles, "implements of husbandry." Thus, the initial question to be decided is whether this trailer should be considered an implement of husbandry and, therefore, exempt from the brake requirements of A.R.S. § 28–952.

The definition of "implements of husbandry" was, at all times relevant to this case, contained in A.R.S. § 28–118,[2] which reads as follows:

" 'Implements of husbandry' include, but are not limited to, vehicles designed primarily for agricultural purposes and used exclusively in the conduct of agricultural operations. Any implement or vehicle, whether self-propelled or otherwise, which is used exclusively for carrying products of farming from one part of a farm to another part thereof, or from one farm to another farm, and is used solely for agricultural purposes, including but not limited to the preparation of harvesting of cotton, alfalfa, grains and other farm crops, and which is only inci-

dentally operated or moved on a highway whether as a trailer or self-propelled unit, shall constitute an implement of husbandry exempt from registration as a motor vehicle."

■ Appellants correctly point out that if the entire provision constitutes a definition of "implements of husbandry" then this cotton trailer did not fall within that definition, and was not exempt from the brake requirements. The second sentence of the provision expressly requires that the vehicle be used exclusively for carrying farm products "from one part of the farm to another part thereof, or from one farm to another farm," and further, that the vehicle be only "incidentally operated or moved on a highway . . . ." The record in this case establishes that cotton trailers are used for carrying cotton from a farm over public roads to a cotton gin, a commercial establishment not located on a farm. Since the trailer's principal purpose as a vehicle is to travel back and forth from farm to cotton gin on public highways, it cannot be said that the vehicle is "only incidentally operated or moved on a highway." Accordingly, if the second sentence of that provision contains definitional requirements, then the cotton trailer is not an implement of husbandry.

■ Appellees, nevertheless, in an effort to reach the broadest possible definition of "implement of husbandry" focus on the first sentence of that provision and argue that only the first sentence constitutes the definition of implement of husbandry. Under their theory, the only requirement is that the vehicle be "designed primarily for agricultural purposes and used exclusively in the conduct of agricultural operations." That requirement, at least arguably, is satisfied by this cotton trailer. Appellees urge that the second sentence relates only to an exemption from motor vehicle registration.

1. "Trailer" is defined in relevant part by A.R.S. § 28–101(52), formerly, A.R.S. § 28–150, as "a vehicle with or without motive power, other than a pole trailer, designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle."

2. With some modification, irrelevant to this appeal, the definition is now contained in A.R.S. § 28–101(19).

Our reading of the section in the light of its legislative history compels us to conclude that appellees' interpretation is incorrect. We agree with appellants that the second sentence of the section was intended to define "implements of husbandry" rather than merely establish a limited class of agricultural vehicles exempt from motor vehicle registration requirements.

The provision in question was placed in the definitional portion of the statute, separate and apart from the substantive provisions relating to exemptions from motor vehicle licensing. These are contained in A.R.S. § 28–302.[3] In construing A.R.S. § 28–302, an opinion by the Attorney General has advised that both sentences of A.R.S. § 28–118 encompass definitional requirements for implements of husbandry. Op.Atty.Gen. 67–27 (1967).

■ Moreover, in a larger sense, we are concerned with the scope of an exemption from specific equipment requirements imposed for the protection of the public. Such exemptions should be construed narrowly. *See Wisconsin Fertilizer Ass'n v. Karns*, 52 Wis.2d 309, 190 N.W.2d 513 (1971).

■ The second sentence of A.R.S. § 28–118 was added to the first in 1960. In resolving any question of ambiguity with respect to the scope and purpose of that sentence, it is appropriate to look to the title of the act which created it. *Police Pension Board of City of Phoenix v. Warren*, 97 Ariz. 180, 398 P.2d 892 (1965); *Nunez v. Superior Court in and for County of Pima*, 18 Ariz.App. 462, 503 P.2d 420 (1972). That title declares an express intent on the part of the legislature to define the term "implements of husbandry." The title provided:

AN ACT
"RELATING TO AGRICULTURE; DEFINING IMPLEMENTS OF HUSBANDRY; EXEMPTING IMPLE-

MENTS OF HUSBANDRY FROM REGISTRATION AS MOTOR VEHICLES AND FROM THE LICENSE TAX IMPOSED UPON MOTOR CARRIERS, AND AMENDING SECTIONS 28–118, 28–302, 40–601, 40–613 AND 40–641, ARIZONA REVISED STATUTES." 1960 Ariz.Sess.Laws ch. 115 § 1.

The only provision in the body of the act which carries out such definitional intent is the amendment to A.R.S. § 28–118 adding the second sentence. We, therefore, conclude that this sentence was intended to define the phrase "implements of husbandry." Appellees were required to show that this trailer met those requirements in order to qualify for an exemption. This they have failed to do.

■ Appellees Scott, the sellers of the vehicle, advance one additional argument in connection with the issue of statutorily mandated brakes. They argue that even if the statute requires cotton trailers to be equipped with brakes, the duty is imposed solely upon the owner of the vehicle, and not upon the seller. That argument overlooks the clear provisions of A.R.S. § 28–952(A)(4) which requires brakes on every trailer "sold in this state . . . ."

The trial court, for the above reasons, erred in holding that the appellees were entitled to summary judgment on the basis of any asserted exemption from the statutorily imposed brake requirements.

We turn next to the second theory in which appellants seek to predicate liability and on which the trial court also entered a judgment in favor of the appellees. The appellants urge that this cotton trailer, without brakes, was a defective product unreasonably dangerous and, therefore, capable of supporting a tort action on strict products liability principles.

---

**3.** There is some suggestion in the briefs that if we hold that these vehicles are not implements of husbandry, they will then be subject to motor vehicle registration requirements. This is not the case. Cotton trailers are exempt from motor vehicle registration requirements, not because they are implements of husbandry, but because A.R.S. § 28–302(C) has contained, even before the 1960 amendment, an exemption for farm trailers used to transport unprocessed fiber.

The Arizona Supreme Court has adopted § 402A of the Restatement of Torts as the rule governing products liability cases in Arizona. *O. S. Stapley Co. v. Miller*, 103 Ariz. 556, 447 P.2d 248 (1968). *See also Bailey v. Montgomery Ward & Co.*, 6 Ariz.App. 213, 431 P.2d 108 (1967). Section 402A provides:

"§ 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller." Restatement (Second) of Torts § 402A (1965).

This section applies not only to sellers of defective unreasonably dangerous products, see *O. S. Stapley Co. v. Miller, supra*, but also to manufacturers of such products, see *Byrns v. Riddell, Inc.*, 113 Ariz. 264, 550 P.2d 1065 (1976). *See also Wagner v. Coronet Hotel*, 10 Ariz.App. 296, 458 P.2d 390 (1969); Restatement (Second) of Torts § 402A, Comment f (1965).

To prove liability under this section, the plaintiff must first show that the product was in a defective condition at the time of manufacturer and sale, and, in addition, that the condition was one that was unreasonably dangerous. *Byrns v. Riddell, Inc., supra; International Harvester Co. v. Chiarello*, 27 Ariz.App. 411, 555 P.2d 670 (1976); *Maas v. Dreher*, 10 Ariz.App. 520, 522 note 1, 460 P.2d 191, 192 note 1 (1969).

In this case, the record with respect to the unreasonably dangerous condition of the trailer is clearly sufficient to withstand a motion for summary judgment on those grounds.

The position advanced by the appellees is based not on the trailer's condition but upon an attempt to insulate themselves from liability to the appellants. Appellees in effect argue that the only liability of the manufacturer and seller for a defective product can arise from injuries to the consumer or user of that product, and never from injuries to bystanders such as appellants' decedent. They further argue that since the owner of the trailer knew that the lack of brakes made the trailer a dangerous product, there can be no liability to the appellants.

The question of whether the strict liability principles of § 402A should be extended to non users or non consumers of a product has been answered in Arizona. In *Caruth v. Mariani*, 11 Ariz.App. 188, 463 P.2d 83 (1970), the Court held that strict tort liability as to a manufacturer and retailer was available to bystanders. In so holding, the Court expressly stated that the bystander "should be entitled to greater protection than the consumer or user . . . because consumers and users, at least, have an opportunity to inspect for defects . . ." *See also Tucson Industries, Inc. v. Schwartz*, 108 Ariz. 464, 501 P.2d 936 (1972), and *O. S. Stapley Co. v. Miller, supra*, which also recognized the propriety of bystander suits under § 402A.

*Caruth v. Mariani, supra*, is a leading case in the field. It has been cited with approval by courts in other jurisdictions which have joined the trend toward extending strict liability to non users and non purchasers injured as a result of foreseeable use of a defective product. *Bradford v. Bendix-Westinghouse Automotive Air Brake Co.*, 33 Colo.App. 99, 517 P.2d 406 (1973); *Martin v. Ryder Truck Rental, Inc.*, 353 A.2d 581 (Del. 1976); *Winnett v. Winnett*, 57 Ill.2d 7, 310 N.E.2d 1 (1974); *Chysler Corp. v. Alum-*

*baugh,* 342 N.E.2d 908 (Ind.App.), *modified on other grounds,* Ind.App., 348 N.E.2d 654 (1976); *Giberson v. Ford Motor Co.,* 504 S.W.2d 8 (Mo.1974); *Lamendola v. Mizell,* 115 N.J.Super. 514, 280 A.2d 241 (1971); *Codling v. Paglia,* 32 N.Y.2d 330, 345 N.Y. S.2d 461, 298 N.E.2d 622 (1973); *Moss v. Polyco, Inc.,* 522 P.2d 622 (Okl.1974); *Howes v. Hansen,* 56 Wis.2d 247, 201 N.E.2d 825 (1972). *See also* 33 A.L.R.3d 415 (1970) Products Liability: Extension of Strict Liability in Tort to Permit Recovery by a Third Person Who was Neither a Purchaser nor User of Product.

██ This Court in *Caruth, supra,* recognized that bystanders should be entitled to greater and not lesser protection than the consumer or user. It logically follows that the trailer owner's knowledge of potential hazards should not affect recovery for injuries sustained by an unknowing victim of a collision with that trailer. Indeed, there is a square holding by a California Appellate Court that the owner's knowledge of a defect is irrelevant to the question of liability to bystanders. In *Johnson v. Standard Brands Paint Co.,* 274 Cal.App.2d 331, 79 Cal.Rptr. 194 (1969), the court stated:

"Where a defective product causes injury to a bystander, the policy of loss distribution is best served by making the manufacturer or retailer liable even though the product is used with knowledge of the defect, at least, where it is reasonably foreseeable that it would be so used. . . It might be added that not only does the user have the opportunity of inspecting for defects, he has the opportunity of choosing not to use the product once he has become aware of the defect. A bystander, however, has no such choice." *Id.,* 79 Cal.Rptr. at 200–201.

The judgment of the trial court, therefore, is reversed and the matter remanded for further proceedings.

WREN, P. J., and EUBANK, J., concur.