NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TIMEA DEVRIES, *Plaintiff/Appellant,*

*v.*

CAPITAL FUND, II, *Defendant/Appellee.*

No. 1 CA-CV 23-0190
FILED 01-23-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-010208
The Honorable John R. Hannah Jr., Judge

**VACATED AND REMANDED**

COUNSEL

Timea DeVries, Prescott
*Plaintiff/Appellant*

The Law Office of Cynthia L. Johnson, Scottsdale
By Cynthia L. Johnson
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge James B. Morse Jr. joined.

---

**C A T L E T T**, Judge:

**¶1**        Timea DeVries ("DeVries") sued Capital Fund, II ("Capital Fund") after it evicted her.  Capital Fund moved to dismiss.  The superior court denied that motion, concluding Capital Fund did not properly serve it.  Capital Fund re-served but did not re-file the motion to dismiss.  DeVries did not respond, so Capital Fund asked the superior court to summarily adjudicate the served, but unfiled, motion to dismiss.  The superior court granted the motion and entered final judgment against DeVries.  Because Capital Fund did not re-file the motion to dismiss with the superior court, there was no pending motion eligible for summary adjudication.  We, therefore, vacate the superior court's judgment and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        DeVries sued Capital Fund seeking damages for emotional and financial distress stemming from a prior eviction action Capital Fund pursued against DeVries in 2020.  Capital Fund moved to dismiss the complaint for failure to state a claim.  Capital Fund served the motion by electronic mail.  DeVries did not respond, so Capital Fund asked the court to summarily adjudicate the motion.  The court denied both motions, finding Capital Fund did not properly serve DeVries because it was not "clear that the two email addresses that appear[ed] on the mailing certificates [were] valid" and the record did not reflect DeVries consented to electronic service.  The court stated, "IT IS ORDERED the defendant's Motion to Dismiss (Rule 12(b)(6)) and its Motion for Summary Adjudication are denied," leaving no motion pending with the court.

**¶3**        In response, Capital Fund filed a certificate of service, stating "the undersigned has served [DeVries] both motions, along with this Certificate of Service, via first class mail prepaid this day."  Capital Fund, however, did not re-file the motion to dismiss with the court, still leaving no motion pending.

¶4          After some time, Capital Fund renewed its request for summary adjudication of its previously denied, but not re-filed, motion to dismiss. Capital Fund captioned the document as a "RENEWED MOTION FOR SUMMARY ADJUDICATION OF CAPITAL FUND'S MOTION TO DISMISS" and referenced the original motion to dismiss as "served on October 14" and "[u]nopposed." Capital Fund argued that the previously denied motion to dismiss "state[d] more than adequate legal and factual grounds." When DeVries did not respond, the superior court dismissed the complaint with prejudice and entered judgment for Capital Fund.

¶5          DeVries timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶6          DeVries appeals the superior court's decision summarily granting Capital Fund's motion to dismiss, arguing the superior court could not grant a motion to dismiss that was previously denied and not re-filed. This court has explained that, generally, "a party must file a written response whenever a motion *is filed*." *Schwab v. Ames Constr.*, 207 Ariz. 56, 59 ¶ 14 (App. 2004) (emphasis added). If an opposing party does not respond to a filed motion, the superior court may summarily grant or deny the motion. *Id*.; Ariz. R. Civ. P. 7.1(b)(2); *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 65 ¶ 17 (App. 2010) (stating that the non-moving party must respond to a "Rule 12(b)(6) motion within ten days" or otherwise, "the superior court has discretion to grant the motion summarily."). To obtain summary adjudication, however, a motion must be filed and pending with the court. *See Byars v. Ariz. Pub. Serv. Co.*, 24 Ariz. App. 420, 422 (1975) ("In determining whether this case was a proper one for summary adjudication, we note that . . . all matters presented must be considered in their most favorable aspect to the party opposing the motion.").

¶7          Here, Capital Fund did not re-file its motion to dismiss, and thus there was no pending motion for the superior court to adjudicate summarily. Capital Fund argues it re-served the motions to "conform with the October 14, 2022 [minute entry]." But that minute entry did not merely deny summary adjudication and require proper service, which would have left the motion to dismiss pending—it denied the motion to dismiss. After a motion to dismiss is denied, one cannot resurrect it by merely filing a new certificate of service. One must instead re-file the motion with the court, thereby maintaining a proper record and notifying the court and other litigants that the relief requested is back on the table. If, thereafter, an

opposing party does not respond, the filing party may seek summary adjudication, or the court may summarily dismiss the case on its own. *See Strategic Dev. & Const.*, 224 Ariz. at 65 ¶ 17 (stating that the superior court may grant a motion to dismiss if a party fails to respond).

¶8        Capital Fund argues that it "'[r]enewed' the [motion to dismiss]" by renewing its request for summary adjudication. But Capital Fund's renewed request for summary adjudication did not purport to renew the motion to dismiss, let alone re-file or even attach the motion to dismiss. Instead, the renewed request simply treated Capital Fund's initial motion to dismiss as though it remained pending, despite that the superior court denied that motion for insufficient service.

¶9        In granting dismissal, the superior court concluded Capital Fund's "Motion to Dismiss has now been properly served on the plaintiff." While that statement may have been true, it did not adequately consider the court's prior denial of the motion to dismiss and Capital Fund's failure to re-file it. Because the superior court did not have a motion to dismiss pending before it, the court erred in summarily granting judgment against DeVries. We express no views on the merits of DeVries' claims, or the arguments Capital Fund made in the motion to dismiss. We also need not reach DeVries' argument that the superior court erred in dismissing her complaint without granting further leave to amend.

## CONCLUSION

¶10        We vacate the superior court's judgment and remand for further proceedings consistent herewith. As the prevailing party on appeal, DeVries is entitled to her costs on appeal (if any) upon compliance with Arizona Rule of Civil Appellate Procedure 21.

